44 So.2d 1
### STEELE v. MATTHEWS et al.
#### 4 Div. 552.
Supreme Court of Alabama.

Dec. 1, 1949.

Rehearing Denied Feb. 2, 1950.

J. Hubert Farmer, of Dothan, for appellant.

Chas. O. Stokes and Mike Sollie, III, of Ozark, for appellees.

FOSTER, Justice.

The question on this appeal is whether appellant was automatically retained under her contract of employment as a teacher in the public schools of Dale County by reason of not having received notice by May 1, 1948 that she would not be reemployed for the next scholastic year of 1948-49: said notice being required by section 360, Title 52, Code.

Appellant contends that she is entitled to the benefits of section 357, Title 52, Code, in order to justify her retirement as a teacher in said schools at the expiration of the school year June 30, 1948. The facts that seem to be controlling with respect to the rights claimed by her are that prior to the school year beginning July 1, 1942, appellant had no certificate entitling her to teach in said public schools but that on account of a scarcity of teachers at that time when the War was depleting the schools of many of its teachers and in pursuance of the provisions of section 328, Title 52, Code, provision was made for a non-professional defense certificate, which was issued to her by the state superintendent of education giving her authority to teach in the public schools until June 30, 1944. Such certificate was issued pursuant to a request in writting made by appellant, which had attached the written approval of the county superintendent of education of Dale County expressing a desire to employ her to teach during that period. She was employed to teach under that certificate and did teach during two school years 1942-43 and 1943-44. As of the expiration of the school year 1944 another application was signed by the appellant with the approval of the county superintendent of education for an extension of said certificate for one year. This application was granted by the state superintendent of education and an endorsement was made on her certificate that it was valid until June 30, 1945. A similar course was pursued in 1945 for the next scholastic year and a similar certificate was endorsed validating it to June 30, 1946. The same procedure occurred for the next two years, extending to June 30, 1948. Prior to May 1, 1948, no notice was given to appellant that she would not be reemployed for the next scholastic year pursuant to the terms of section 360, Title 52, Code.

She had a written contract with the county superintendent of education to teach for the several years above mentioned expiring June 30, 1948. On May 26, 1948, she received a letter from the county superin-

tendent of education that her position at Grimes, the school where she had been teaching, had been filled for the year 1948-49, by reason of the fact that due to state law he was forced to use teachers with certificates of higher rank then hers; that he did not know whether a vacancy would occur in other schools and that if one should occur he would notify her. She then got in touch with another school which needed a teacher and the trustees recommended her to be appointed as a teacher for the year 1948-49, and the county superintendent was so advised but he refused to employ her as a teacher in said school advising her that she could not be employed until she was certified by the state superintendent of education.

Before the school year expiring June 30, 1948 had terminated, she saw the county superintendent and told him she was going to take summer school work and make application for a new certificate. This was before the first of May. She did take this summer school work and did get a certificate from the state superintendent of education entitling her to teach for a six year period, beginning July 1, 1948. But she was not employed during that school year although she was ready, able and willing to teach under such certificate. She thereupon brought this proceeding by mandamus against the members of the county board of education commanding them to provide compensation for her and to cause to be drawn a warrant in her favor for that part of the school year 1948-49 which extended to the date of the filing of the petition in the sum of $125.00 per month, the amount she was receiving under the contract at the expiration of the school year 1947-48.

Section 352, Title 52, Code, makes provision for continuing service status of certain teachers as defined in section 351, Title 52. Appellant claims to come within the provisions of section 352, *supra,* and to have attained continuing service status by reason of having taught in the county system for three consecutive years prior to the school year 1948-49 and, therefore, was entitled to the benefits of section 357, Title 52.

■ We cannot agree with appellant's contention in this respect because to apply continuing service status under section 352, *supra,* the teacher must be such as is defined in section 351, *supra,* which means those who are regularly certificated by the teacher certificating authority of the state. The school law beginning with section 322, Title 52, Code, makes provision for certificating teachers, and a distinction is drawn between one who is regularly so certificated and one whose certificate is for an emergency and is provisional in terms as defined by section 328, Title 52.

It is apparent from the foregoing state of facts shown by this record that appellant was not regularly certificated under section 351, *supra,* but only provisionally so under section 328, *supra,* by reason of the emergency created by the War and, therefore, it is plain that appellant is not entitled to the hearing provided for in section 357, Title 52.

■ It is next insisted that she was entitled to the notice provided for in section 360, Title 52, which in terms has application to any teacher whether in continuing service status or not. With respect to that statute we have held that it has no application to teachers who have attained a continuing service status, although its terms are so expressed. State ex rel. Steele v. Board of Education, Ala.Sup., 40 So.2d 689. That status could have application to a regularly certificated teacher who has not attained continuing service status by reason of not having taught for the required length of time and, therefore, it can have a field of operation without including a teacher who has only a provisional certificate to teach during an emergency.

■ We do not think section 360, Title 52, Code, was intended to apply its benefits to a teacher who is employed under a certificate valid for one year on account of an emergency. Section 328, *supra,* prohibits the extension or renewal of such a provisional certificate. Although appellant's certificate was extended from year to year to June 30, 1948, such extension may be treated as another certificate for the extended period.

It is clear that the provisional certificate there provided for operates only in cases of emergency and it is within the power of the state superintendent of education upon the advice of the county superintendent of education to determine whether such emergency has expired. Section 360, *supra,* would be without application to such situation which is dependent upon the continuing existence of an emergency.

It cannot be assumed that the legislature intended that a contract of re-employment would be presumed by the failure to give notice by May 1, 1948, when such contract of re-employment is dependent upon a finding by the state superintendent of education that an emergency exists for the next school year, which is the condition upon which a provisional certificate shall be granted for that year.

The fact that appellant afterwards procured a permanent certificate under the rules and regulations of the State Board of Education, as provided by section 329, Title 52, Code, did not in any respect change appellant's status as existed on May 1, 1948. Under her new certificate she takes her place according to her grade as a teacher so certified under such rules and regulations and ceases to be a provisional certificate holder for one year under section 328, *supra.* A new status thereby arises and it has no retroactive influence as of May 1st as to the notice required by section 360, supra.

It is perfectly clear to us therefore that appellant was not entitled to the notice provided for in section 360, nor to the hearing provided for in section 357.

It is our judgment that appellant is not entitled to the mandamus which she sought, and that there was no error apparent in the ruling of the circuit court denying such a writ. No other questions are presented by the assignments of error, and the judgment of the circuit court is affirmed.

Affirmed.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.