197 So.2d 771

J. T. GREENE et al., Members of State Tenure Commission

v.

COUNTY BOARD OF EDUCATION OF CALHOUN COUNTY.

7 Div. 741.

Supreme Court of Alabama.

April 6, 1967.

J. Richard Carr, of Burns, Carr & Shumaker, Special Asst. Attys. Gen., Gadsden, for appellants.

H. R. Burnham, Anniston, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court of Calhoun County granting a peremptory writ of mandamus at the instance of appellee and against appellants.

The petition for the writ was filed pursuant to § 361, Act No. 773, Acts of Alabama 1953, Vol. II, p. 1040, as it appears in § 361, Title 52, Recompiled Code of Alabama, 1958. This section provides that the action of the State Tenure Commission may be reviewed by petition for mandamus filed in the circuit court of the county where the involved school system is located.

The litigation which is the subject of this appeal had its genesis before the County Board of Education of Calhoun County, with which proceedings were instituted to relieve one Coach Douthit of his duties and authority as head football coach at Saks High School, located in Calhoun County. The County Board had jurisdiction and supervision of this school pursuant to Chapter 5 (§ 62 et seq.), Title 52, Code of 1940.

Coach Douthit, it appears, was employed in said school by appellee as a teacher at a salary of $550.58 per month for a minimum term of twelve calendar months for the scholastic year of 1964–65. (We will here-after refer to appellants as the Commission and to appellees as the Board.) The contract also provides that if the party of the second part (Douthit) has already attained a continuing service status, or shall attain continuing service status by fulfilling the terms of his contract, then the contract shall remain in full force and effect unless superseded by a new contract signed by both parties in accordance with the provisions of Chapter 13, §§ 351–361 (as amended), Title 52, Code 1940. See §§ 351–361, Title 52, Recompiled Code of 1958.

It appears that when the Board instituted or caused to be instituted before it legal process to relieve Mr. Douthit as head football coach, Mr. Douthit had acquired a continuing service status as a teacher at said Saks High School. Therefore, he was anchored in said school as a teacher unless he resigned, was transferred, or was removed in accordance with pertinent law or statutes.

The Board, after a public hearing on the charges it preferred, entered an order, according to notice to Mr. Douthit by the County Superintendent of Education, transferring Mr. Douthit from the position of head football coach at Saks High School to basketball coach. This order became effective July 1, 1965. This notice recited that the transfer was being made without loss of status and not for any political or personal reasons.

It appears from the record that Coach Douthit was employed under his contract as a teacher, as we have already pointed out, and he was given supplemental duties as head football coach, which carried a supplemental salary of $1,500. The duties of basketball coach at said school was also supplemental, with supplemental pay of $750 instead of $1,500 for services as head football coach. We cannot tell from the record whether the supplemental pay was in addition to or was included in the contract salary of $550.68 per month. This contract of employment did not mention any supplemental pay.

The Commission, in its amended answer to the rule nisi with which it was served, says no mention was made in the contract about the supplemental salary, but that after the action of the Board this salary would have been $488.50, which is a monthly reduction of $62.50 per month. In other words, Coach Douthit's annual salary was reduced, according to the answer, in the sum of $750, which is the difference between the supplemental salary paid the head football coach and that paid the basketball coach.

We are not called upon in this proceeding to construe the contract with reference to the alleged salary cut, if such was a fact, nor are we required to determine whether the salary was in fact reduced. This statement of reduction only appears in the answer, according to our review of the record. Suffice it to say, we have a right here to presume that the Board, until the contrary is shown, adhered to the salary provided in the contract. Any supplemental salary for performance of supplemental duties, either as a football coach or basketball coach, was outside the contract so far as it mentions, and perforce in addition thereto. We are not informed from the record whether the supplemental salary was paid from public funds or from some other source.

We conclude from the pleadings and the evidence that the assignment of Mr. Douthit by the Board to perform the duties of basketball coach and relieving him as head football coach amounted to nothing more than a transfer from one position to another within the school.

Such reassignment or transfer of a teacher with a continuing service status, as here, is authorized by § 355 (as amended), Title 52, Code 1940. See also § 355, Title 52, Recompiled Code 1958. It provides that such transfer shall be without loss of status or in violation of contract and shall not be made for political or personal reasons. We note that the Commission, reviewing the action of the Board, and in making its alleged judgment, referred to the action of the Board as a "transfer," but for personal reasons and in violation of Title 52, § 355, "Code of Alabama, 1940."

Construing the action of the Board as approving a transfer of Mr. Douthit from one position to another, we must determine if the Commission acquired jurisdiction by effective appeal to review the action of the Board.

Section 356, Act No. 773, Acts of Alabama 1953, Vol. II, p. 1040, as it appears in § 356, Title 52, Recompiled Code of 1958, provides a method of contesting a proposed transfer. The next section (357) of said Act provides that a teacher with a continuing service status, who has been transferred, may appeal from the decision of the Board to the State Tenure Commission to determine if the action of the Board was in compliance with Chapter 13, Code 1940, as amended, supra, or was taken for political or personal reasons.

We also note that where the Board has cancelled a contract of such teacher (with continuing service status), § 360 of said Act, supra, also provides for an appeal by the teacher to said Commission to obtain a review by that body as to whether such action was in compliance with said Chapter 13, supra, or was arbitrarily unjust.

We further note that each section providing for a review of the action of the Board specifies the method of perfecting an appeal in each instance.

An appeal from a transfer from one position to another is perfected by filing notice of appeal with the Commission and a copy with the employing Board. A time limit is provided. See § 357, Act No. 773, Acts of 1953, supra.

An appeal from a cancellation of a teacher's contract, which teacher has acquired a continuing service status, is provided by § 360 of said Act No. 773, Acts of 1953, supra. Such appeal must be

perfected within a designated time limit by written notice being given to the Superintendent or Chairman of the Board.

In the instant case, the teacher, Mr. Douthit, followed the method of appeal provided in the preceding paragraph with respect to an appeal from cancellation of a contract. He did not comply with the mandate for perfecting an appeal from a transfer from one position to another.

We conclude that compliance with the statutory mandate for an appeal from a transfer is jurisdictional and such statutory mandate is not met by compliance with the statutory provisions to perfect an appeal from a cancellation of a continuing service contract.

The Commission in the present case was never given any notice and, of course, no copy was ever given the employing Board. The Commission never obtained jurisdiction to review the action of the Board, and its order overruling the Board was null and void.

We have held in civil appeals to this court that compliance with the mandatory provisions of § 792, Title 7, Code 1940, is jurisdictional. American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12; Gray et al. v. State, 279 Ala. 333, 185 So.2d 125.

The appeal here to the Commission is purely statutory and is taken by grace of the statute. It must be taken in the manner prescribed and within the time. Gray v. State, supra.

We conclude that there was no error on the part of the trial judge in granting peremptory writ of mandamus to the Commission to vacate its order. Ground 4 of the order granting the writ was sufficient to sustain the action of the trial court. We pretermit consideration of the other grounds of the order.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.