This is a teacher tenure case.
The record reveals the following: By letter of May 26, 1981, the Macon County Board of Education notified Florine Smith that she would be transferred from her position as Attendance Supervisor in the Central Office to a teaching position in the Vocational Education Program. Smith notified the Board of her intent to contest the transfer and requested a public hearing. On June 12, 1981, the Board informed Smith of the time and place of the hearing and of the reasons for the proposed transfer. After the hearing on June 22, 1981, the Board voted to approve the transfer. Smith appealed the Board's decision to the Alabama State Tenure Commission. On August 29, 1981, the Commission determined that it lacked jurisdiction stating in part:
 [T]he Tenure Commission finds that Mrs. Smith had not attained continuing service status as an attendance supervisor in that she was not certified in that position by the State in compliance with Section 16-24-1, Code of Alabama, 1975.
 The Tenure Commission, therefore, dismisses the appeal for lack of jurisdiction.
Smith petitioned the Circuit Court of Macon County for a writ of mandamus directing the Commission to accept jurisdiction over her appeal. On January 27, 1982, the circuit court denied the writ. Smith appeals to this court.
The only issue to be decided by this court is whether the Commission erred in refusing to exercise jurisdiction over Smith's appeal. Such refusal was based on a determination that Smith lacked tenure as a "supervisor." We note, however, that access to the Commission is dependent only upon Smith's attaining continuing service status as a "teacher." Once continuing service status is attained, a "teacher" is entitled to all the privileges and protections of the Alabama Teacher Tenure Law. Alabama State Tenure Commission v. Green,409 So.2d 850 (Ala.Civ.App. 1981). The term "teacher" is defined to include instructor, principal or supervisor. § 16-24-1, Code (1975).
The criteria for continuing service status for teachers is set forth in § 16-24-2 (a) Code (1975) which requires:
 Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
Smith testified before the Board that of the twenty-eight and one-half years she has been employed by the Macon County school system, seven were in the capacity of instructor in the field of home economics. Although the record on its face does not establish that Smith had gained tenure as a supervisor, the Commission concedes in brief that Smith is tenured as a "teacher." Her tenure as an instructor could not be lost by virtue of her subsequent promotion to "attendance supervisor."See § 16-24-2 (b), Code (1975). *Page 879 
She was therefore entitled to appeal her proposed transfer to the Commission pursuant to § 16-24-7, Code (1981 Supp.). That section provides:
 A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the state tenure commission, as hereinafter established, to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust.
The Commission improperly denied jurisdiction over Smith's appeal. The circuit court's denial of mandamus is therefore due to be reversed and the matter be returned to the Tenure Commission for further consideration.
We pretermit the other issues raised in this appeal as they may properly be submitted for consideration by the Commission when it hears the cause on the merits. The judgment of the circuit court is reversed. It is directed that the mandate of the circuit court be issued to the Alabama State Tenure Commission directing it to proceed with the matter according to law.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.
 ON REHEARING