We granted the petition because it was asserted that the decision of the Court of Civil Appeals, 430 So.2d 877, was in conflict with Smith v. Birmingham Board of Education,403 So.2d 226 (Ala. 1981).
By letter of May 26, 1981, the Macon County Board of Education notified Florine Smith that she would be transferred from her position as attendance supervisor in the central office to a teaching position in the vocational education program. Smith notified the Board of her intent to contest the transfer and requested a public hearing, pursuant to Ala. Code 1975, § 16-24-6. On June 12, 1981, the Board informed Smith of the time and place of the hearing and of the reasons for the proposed transfer. After the hearing on June 22, 1981, the Board voted to approve the transfer.
Smith appealed the Board's decision to the Alabama State Tenure Commission. On August 29, 1981, the Commission determined that it lacked jurisdiction, stating in part:
 "[T]he Tenure Commission finds that Mrs. Smith had not attained continuing service status as an attendance supervisor in that she was not certified in that position by the State in compliance with Section 16-24-1, Code of Alabama, 1975.
 "The Tenure Commission, therefore, dismisses the appeal for lack of jurisdiction."
Smith petitioned the Circuit Court of Macon County for a writ of mandamus directing the Commission to accept jurisdiction over her appeal. On January 27, 1982, the circuit court denied the writ. Smith then appealed to the Court of Civil Appeals, which reversed the circuit court, finding:
 "The only issue to be decided by this court is whether the Commission erred in refusing to exercise jurisdiction over Smith's appeal. Such refusal was based on a determination that Smith lacked tenure as a `supervisor.' We note, however, that access to the Commission is dependent only upon Smith's attaining continuing service status as a `teacher.' Once continuing service status is attained, a `teacher' is entitled to all the privileges and protections of the Alabama Teacher Tenure Law. Alabama State Tenure Commission v. Green, 409 So.2d 850
(Ala.Civ.App. 1981). The term `teacher' is defined to include instructor, principal or supervisor. § 16-24-1, Code (1975).
 "The criteria for continuing service status for teachers is set forth in § 16-24-2 (a), Code (1975), which requires:
 "`Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.'
 "Smith testified before the Board that of the twenty-eight and one-half years she *Page 882 
has been employed by the Macon County school system, seven were in the capacity of instructor in the field of home economics. Although the record on its face does not establish that Smith had gained tenure as a supervisor, the Commission concedes in brief that Smith is tenured as a `teacher.' Her tenure as an instructor could not be lost by virtue of her subsequent promotion to `attendance supervisor.' See § 16-24-2 (b), Code (1975).
 "She was therefore entitled to appeal her proposed transfer to the Commission pursuant to § 16-24-7, Code (1981 Supp.). That section provides:
 "`A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the state tenure commission, as hereinafter established, to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust.'
 "The Commission improperly denied jurisdiction over Smith's appeal. The circuit court's denial of mandamus is therefore due to be reversed and the matter be returned to the Tenure Commission for further consideration."
The Commission filed an application for rehearing, contending that the decision of the Court of Civil Appeals was in conflict with this Court's prior decision in Smith v. Birmingham Boardof Education, supra. The Court of Civil Appeals overruled the Commission's application and extended its original opinion, stating:
 "In Smith v. Birmingham Board of Education, supra, the tenured `teacher' was denied a hearing before the local board to contest his transfer from a supervisor position because he lacked tenure as a supervisor. The teacher apparently by-passed appeal to the Commission and filed suit in the circuit court. Construction of § 16-24-7 was therefore not an issue in the case.
 "This court recognizes that in absence of appropriate distinctions, we are bound by decisions of the supreme court, including Smith. However, with particular concern for continuity of statutory construction and in view of the numerous teacher tenure cases brought first for review to this court, we take this opportunity to comment upon the decision in Smith for whatever purpose it might serve. Smith
states in effect the following: As Smith had not attained continuing service status (tenure) in the position of supervisor under § 16-24-2 (b), though holding tenure under § 16-24-2 (a), he could be transferred or returned to an instructor position without the hearing requirements of § 16-24-6
being triggered.
 "We believe that construction does not comport with the language of §§ 16-24-5, -6, -7.
 "The Smith decision is stated to be founded upon the property interest granted a teacher under § 16-24-2. Such an interest is said to invoke the procedural safeguards of due process of the federal Constitution. If Smith had not attained tenure as a supervisor under § 16-24-2 (b), he had no such property interest and thus no right to a hearing upon transfer or demotion.
 "This court agrees that the Tenure Act grants to teachers a property interest which, when perfected, is entitled to constitutional due process protection. However, the right to minimum due process should not limit additional rights granted by the tenure law which may exceed minimum due process. We believe §§ 16-24-5, -6, -7 provide hearing rights to any `teacher' who has attained continuing service status under § 16-24-2 (a). Having once attained continuing service status as a `teacher,' all of the hearing rights as to transfer provided by the Tenure Act become available. § 16-24-5. Section 16-24-2 (b) states that promotion to principal or supervisor `shall in no way jeopardize the continuing service status of the teacher as an instructor.' It therefore appears to follow that an instructor (teacher) with continuing service status, promoted to *Page 883 
principal or supervisor, is entitled to a hearing when given notice of transfer or demotion. The matters to be heard are set out in § 16-24-5. Included therein would be the issue of whether the teacher had attained tenure as a principal or supervisor; i.e., was the transfer with loss of status?
 "We consider, therefore, that Smith having tenure as a `teacher' (instructor), though without property rights as a supervisor and thus no due process rights requiring a hearing upon his demotion, nevertheless had statutory rights to a hearing by the Board of Education upon notice of transfer and demotion. Our opinion in no way limits the authority of the Board to demote or transfer prior to attaining tenure as a supervisor as indicated in § 16-24-2 (b).
 "We respectfully state the above opinion so that if it chooses to do so, the supreme court may consider it at some future time."
From this extended opinion, the Commission was granted a writ of certiorari by this Court on October 19, 1982.
We affirm the decision of the Court of Civil Appeals and agree that Smith v. Birmingham Board of Education, supra, is distinguishable in that it did not involve the construction of § 16-24-7, Code 1975, which is the crux of the present case. We also agree with the Court of Civil Appeals that §§ 16-24-5, -6, and -7 provide for a public hearing to any "teacher" as defined in § 16-24-1 who has attained tenure under § 16-24-2 (a), and that § 16-24-2 (b) provides that promotion to principal or supervisor does not jeopardize the tenure of a teacher nor his or her right to a hearing before the employing board when given notice of a transfer or demotion. Section 16-24-5 provides that a transfer shall be without loss of status. Thus, the issue of whether a teacher had attained tenure as a teacher or supervisor is included in the matters to be heard by the employing board under § 16-24-5. To the extent that the opinion in Smith v. Birmingham Board of Education, supra, holds otherwise, it is hereby modified.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.