This is a teacher tenure case.
William Bryan has been a teacher at Weaver High School for more than ten years. In addition to his duties as a full-time teacher, Bryan has been employed as head coach of Weaver High for several years. He has received a salary for his full-time teaching duties and has received additional compensation for his duties as head coach. On March 22, 1984 Bryan was notified by the Calhoun County Board of Education that his contract as head coach would be cancelled for the 1984-85 year. On April 17, 1984, following a hearing before the Calhoun County Board, Bryan's coaching assignment was terminated. The Board found that Bryan had attained continuing service status or tenure as a teacher, pursuant to section 16-24-2, Code 1975, but did not attain tenure as a coach. Bryan appealed the Board's decision to the Alabama State Tenure Commission. The Commission dismissed the appeal for lack of jurisdiction. Bryan then filed a petition for writ of mandamus in the circuit court asking the court to set aside the Commission's order and direct it to accept jurisdiction over the matter. The circuit court denied the writ and determined that the State Tenure Commission's order was consistent with the Alabama Tenure Act, §§ 16-24-1 to -38, Code 1975, and was not unjust. Bryan appeals to this court. We affirm.
Both parties agree that Bryan attained status as a tenured teacher pursuant to section 16-24-2 (a), Code 1975. The Tenure Commission refused to exercise jurisdiction over Bryan's appeal since he was treated as a nontenured coach by the Board.
Bryan urges, however, that his tenured teacher status gives him a right to a hearing before the State Tenure Commission concerning his dismissal as head coach, regardless of whether he is a tenured coach. He cites Smith v. Alabama State TenureCommission, 430 So.2d 877 (Ala.Civ.App. 1982), aff'd,430 So.2d 880 (Ala. 1983), as support for his contention. In Smith v.Alabama State Tenure Commission, Smith was a tenured teacher who was later promoted to attendance supervisor. Subsequently, she was transferred from her position as attendance supervisor to a teaching position. The State Tenure Commission refused to hear her appeal since she was not tenured as a supervisor. We noted that section 16-24-2 (b), Code 1975, states that promotion to principal or supervisor "shall in no way jeopardize the continuing service status of the teacher as an instructor." *Page 1054 
Thus, we concluded that a tenured teacher promoted to principal or supervisor is entitled to all hearing rights provided under sections 16-24-5, -6, and-7, Code 1975, when given notice of a transfer or demotion. Accordingly, we held that the Tenure Commission was required to grant Smith a hearing.
The facts in Smith v. Alabama State Tenure Commission, supra, are clearly distinguishable from the facts in the case sub judice. Bryan was not promoted to his position as head coach; he was merely assigned duties as coach. He also was not promoted to a position of supervisor, principal, or advisor and then later demoted or transferred to "teacher," as in Smith v. Alabama StateTenure Commission. Nor did the Board's action terminating his duties as head coach constitute a transfer or demotion. Thus, sections 16-24-5, -6, and -7 have no application to the case at bar. Moreover, since construction of these sections was the crux of the decision in Smith v. Alabama State Tenure Commission, this case has no bearing on the case before us. Other cases relied on by Bryan dealing with transfers by the Board are likewise not controlling.
Bryan's reliance on Greene v. County Board of Education,280 Ala. 667, 197 So.2d 771 (1967), is also misplaced. Greene v.County Board of Education involved the transfer of a football coach to a position as basketball coach. Greene appealed the Board's action as though it were a discharge. The supreme court held that the Board's action was a transfer and that Greene, thus, improperly perfected his appeal. The court dealt merely with a procedural point in the case, and its opinion is not dispositive of the case before us.
Closer to the facts in the present case is Sharpton v. WinstonCounty Board of Education, 450 So.2d 124 (Ala.Civ.App. 1984). Sharpton was a tenured teacher, principal, and guidance counselor. He was given additional duties as a professional development coordinator. This position was not tenured. Sharpton was subsequently relieved of his position as development coordinator and his compensation was reduced. Our court held that Sharpton was not entitled to the protections of the Teacher Tenure Act, §§ 16-24-1 to -38, Code 1975, but that he was entitled to notice and a hearing by the Board prior to his termination as a development coordinator.
Applying the rationale of Sharpton to the case at bar, Bryan would not be entitled to the protection of the Teacher Tenure Act because he was not tenured as a coach. Bryan replies that his position as coach constitutes employment as an instructor. An instructor is defined as a teacher under the Teacher Tenure Act. Therefore, Bryan alleges that his position as coach is tenured under the Teacher Tenure Act.
The criteria for tenure or continuing service status are found in section 16-24-2 (a) and (b), Code 1975, which reads in part as follows:
 "(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
 "(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor."
"Teacher" is defined in section 16-24-1, Code 1975, to "include all persons regularly certified . . . who may be employed as instructors, principals or supervisors." Section 16-23-1, Code 1975, requires that a teacher, supervisor, and principal hold a certificate issued by the state superintendent of education. Our case law has established that in order for one to be a "teacher" as defined in the Teacher Tenure Act one must be regularly certified. See *Page 1055 Athens City Board of Education v. Reeves, 388 So.2d 515 (Ala. 1980); Steele v. Matthews, 253 Ala. 255, 44 So.2d 1 (1949). In the present case there is no requirement that coaches be certified. Thus, Bryan's position as a coach is not entitled to the protection of the Tenure Act.
We would also note that the purpose of the Teacher Tenure Act is to protect "teachers" from cancellation of their contracts or transfers for political, personal, or arbitrary reasons. AlabamaState Tenure Commission v. Ray, 342 So.2d 21 (Ala.Civ.App. 1977). Since a coach is not a teacher, as defined in the Tenure Act, Bryan had no right to a hearing before the Tenure Commission.
The following cases from other jurisdictions have also held that a coach is not a teacher and that coaches were not entitled to tenure. See, e.g., Smith v. Board of Education of UrbanaSchool District No. 116, 708 F.2d 258 (7th Cir. 1983); State v.Smith, 142 So.2d 767 (Fla.Dist.Ct.App. 1962); School Directorsof District U-46 v. Kossoff, 95 Ill. App.3d 26, 419 N.E.2d 658
(1981); Chiodo v. Board of Education of Special School DistrictNo. 1, 298 Minn. 380, 215 N.W.2d 806 (1974); Neal v. SchoolDistrict of York, 205 Neb. 558, 288 N.W.2d 725 (1980); Goodwin v.Bennett County High School Independent School, 88 S.D. 639,226 N.W.2d 166 (1975).
The judgment of the circuit court denying the writ is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.