TORBERT, Chief Justice
(dissenting).
I must respectfully dissent. I believe that the majority has incorrectly determined that Dr. Oden continued in a “tenure track position” when he became director of transportation in Morgan County.
Prior to December 1979, Dr. Oden served as principal of the Union Hill Junior High School for a period of time sufficient to qualify him for continuing service, or tenure, status in that position. In October 1979, the position of director of transportation for the Morgan County educational system became available, and notices requesting applications for the job were distributed. Dr. Oden, along with eight other persons, submitted an application and was interviewed for this job. On December 13, 1979, the Board acted on the recommendation of the school superintendent and employed Dr. Oden in that position. Thereafter, on January 2, 1980, pursuant to a request by the school superintendent, Dr. Oden submitted a letter of resignation from the position of principal at Union Hill Junior High, and that resignation was accepted by the Board on January 10, 1980.
Dr. Oden was re-employed as director of transportation for the 1980-81 and 1981-82 school years. However, on May 11, 1982, the Board declined to re-employ Dr. Oden for the next school year. At the direction of his attorney, Dr. Oden continued to act in that position until he received a formal letter from the school superintendent directing him to discontinue doing so.
Dr. Oden first contends that the Court of Civil Appeals was in error by finding that the position of director of transportation for Morgan County was not a “supervisor” position for purposes of Alabama’s teacher tenure laws. He argues that his employment in this position kept him in a “tenure-track” position, which prevented his dismissal without a hearing. In order for the position of director of transportation to be a “tenure-track” position, it must qualify as a “supervisor” position under Code 1975, § 16-24-1. There are several reasons why I believe that this position does not qualify as a “supervisor” position.
*668 First, in order for a person to be deemed a “teacher,” which includes the position of “supervisor,” for purposes of the teacher tenure laws, he must meet the qualifications contained in § 16-24-1. The initial portion of that section is as follows:
“The term ‘teacher’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervi-sors_” (Emphasis added.)
Therefore, a prerequisite for a person to be considered a “teacher,” and to qualify for continuing service, or tenure, status, is to be regularly certified by the teacher certificating authority of the state. See, Steele v. Matthews, 253 Ala. 255, 258, 44 So.2d 1, 3 (1950).
It is clear from the record in this case that the person who was to fill the position of director of transportation was not required to be regularly certified as a “teacher.” When the Board advertised for applicants to fill this position, the qualifications necessary to fill this particular job did not include a requirement that the person be regularly certified as a “teacher.” It was also evident from the testimony produced at Dr. Oden’s hearing before the Alabama State Tenure Commission that other persons who had previously held this position were not regularly certified as “teachers.” In the absence of the requirement of regular certification as a “teacher,” I believe that the position of director of transportation could not qualify as a “supervisor” position.
The second reason why the position of director of transportation should not be classified as a “supervisor” position for purposes of the teacher tenure laws is concerned with the extent of the duties of that position. Although there are but a few cases that have developed a definition for the term “supervisor,” the determination in each case has been focused on one key element: the person who occupies the position must have an active involvement with the students within the school system. See, e.g., Alabama State Tenure Commission v. Singleton, 475 So.2d 185 (Ala.Civ.App.1985) (holding that an assistant to the school superintendent was not a “supervisor”); Alabama State Tenure Commission v. Green, 409 So.2d 850 (Ala.Civ.App.1981) (holding that a counselor who was actively involved with the counseling of students was a “supervisor”).
In this case, the facts do not support a finding that Dr. Oden’s duties as director of transportation for the county required active involvement with the students in the Morgan County school system. The testimony that was presented indicated that Dr. Oden had only intermittent or sporadic contacts with students concerning bus safety. This testimony shows nothing more than incidental involvement with students and shows that the primary duty of this position was to oversee the transportation needs of the county. Thus, the duties performed by Dr. Oden in this position are more closely associated with administrative functions, which fall outside the definition of a “supervisor.” See, Singleton, supra.
Dr. Oden also contends that regardless of whether his position as director of transportation was a “supervisor” position, he still should be entitled to continuing service, or tenure, status based on his position as a principal. Dr. Oden argues that his resignation as principal was given as an administrative convenience for the school superintendent and was never intended as a relinquishment of tenure rights. Apparently, the majority agrees with Dr. Oden’s argument. As a preface to the discussion concerning Dr. Oden’s letter of resignation, the majority states the following: “Logic and the statutory scheme of tenure compel the conclusion that, once one has earned continuing service status as a principal, that second-level tenure remains with one upon a move to a position as supervisor.” However, the “statutory scheme of tenure” clearly indicates that any tenure status would remain with a person only if he is transferred pursuant to Code 1975, § 16-24-5, to a new position or if an instructor is promoted to a principal or supervisor position pursuant to Code 1975, § 16-24-2(b). See, Marshall County Board of Edu *669 cation v. State Tenure Commission, 291 Ala. 273, 278, 280 So.2d 114, 118 (1973); Clark v. Beverly, 257 Ala. 484, 490, 59 So.2d 810, 816 (1952).
In this case, the record reflects that Dr. Oden sought appointment to the position of director of transportation by filing an application for employment and by being interviewed for the job. Following his appointment to the position of director of transportation, Dr. Oden was asked by the school superintendent to submit his resignation as principal so that the Board could fill that position. On January 2, 1980, Dr. Oden complied with this request, and the Board accepted his resignation on January 10, 1980. There was no evidence presented at the hearing before the Commission that Dr. Oden had been transferred to the position of director of transportation pursuant to Code 1975, § 16-24-5, or that he had been promoted to it pursuant to Code 1975, § 16-24-2.[1] In fact, I believe Dr. Oden’s resignation from his previous position, in which he had tenure, and his acceptance of a new position, where he could not have attained tenure, have had the effect of superseding the previous contract with a new contract. See, Code 1975, § 16-24-3. Cf. Enzor v. Faircloth, 253 Ala. 266, 269, 43 So.2d 811, 814 (1949) (a school board was not required to reinstate a previously tenured teacher who had intentionally abandoned her contract).
For all of the foregoing reasons, I believe that the judgment of the Court of Civil Appeals was correct and that its judgment should be affirmed.
MADDOX and BEATTY, JJ., and SNOD-GRASS, Special Justice, concur.

. Dr. Oden argues that the opinions of this Court in Dickey v. McClammy, 452 So.2d 1315 (Ala.1984), and Ex parte Alabama State Tenure Commission, 430 So.2d 880 (Ala.1983), require a finding that his tenure status as principal did not terminate with his resignation. However, in Dickey we were dealing with a situation where the person had been transferred to a new position, and in Ex parte Alabama State Tenure Commission, we were concerned with a person who had been promoted to a new job. Because Dr. Oden was not transferred or promoted, the decisions in those cases are inapplicable.