PER CURIAM.
This is a teacher tenure case.
Earl Goldsby was employed as an assistant principal at Blount High School when the Board of School Commissioners of Mobile County (Board) informed him that he was being transferred to a similar position at Semmes Middle School. The Board notified Goldsby of the proposed transfer by certified letter dated August 15, 1991. On August 21, 1991, the Board sent Goldsby a second certified letter, advising him that, by oversight, its earlier letter had not informed him of his rights of due process. The second letter advised Goldsby of his right to request a hearing to contest the proposed transfer within fifteen days.
On August 26, 1991, Goldsby’s Mobile County Education Association representative wrote a letter to the Board, contending that Goldsby had not been given proper notice of the proposed transfer and giving notice of Goldsby’s intent to contest the transfer at an appropriate hearing. A letter from the Board, dated August 29, 1991, informed Goldsby that his hearing would be held September 5, 1991. Goldsby’s attorney appeared at that hearing, addressed the Board, contested the Board’s jurisdiction, based on the allegedly defective notice, submitted evidence, and then departed during the hearing, after which the Board voted to approve the transfer.
On September 9, 1991, Goldsby filed a notice of appeal with the Alabama State Tenure Commission (Commission). The Commission upheld the Board’s decision in November 1991. In January 1992, Goldsby filed a petition for a writ of mandamus with the trial court. In May 1992, the trial court reversed the Commission’s order, holding that the Commission did not act in compliance with the Alabama Teacher Tenure Act (Act), Ala.Code 1975, § 16-24-1, et seq., and that the Commission’s action was unjust. The Commission appeals.
The Commission contends on appeal that 1) Goldsby’s appeal of the Board’s decision to the Commission was not timely filed; 2) Goldsby’s petition for a writ of mandamus was untimely filed and thus was barred by laches; 3) the Board’s actions fully complied with the procedural requirements of the Act; and 4) the Board proved that the reasons for Goldsby’s transfer served a “reasonable administrative function.”
At the outset, we note that our standard of review is the same as that of the trial court. Alabama State Tenure Commission v. Conecuh County Board of Education, 495 So.2d 1105 (Ala.Civ.App.1985). Our re *436 view of the findings of the Commission is limited to two determinations: first, whether the Commission’s actions were in compliance with the requirements of the Act, and second, whether the Commission’s actions were unjust. Ala.Code 1976, § 16-24-38. In determining whether the Commission’s actions were unjust, our Supreme Court stated in Ex parte Alabama State Tenure Commission, 555 So.2d 1071, 1073 (Ala.1989), that “the scope of judicial review is extremely limited in teacher tenure cases, and the decision of the Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise.”
Goldsby’s principal argument is that the Board’s notice of his transfer was defective. Apparently, the trial court found that argument to be persuasive.
Defects in notice of transfer are waived by a teacher’s request for a hearing from the Board. Alabama State Tenure Commission v. Board of School Commissioners of Mobile County, 332 So.2d 724 (Ala.Civ.App.1976). The letter from Goldsby’s representative reads in pertinent part: “Given any proper and legally constituted notice of involuntary transfer by the employing board, Mr. Earl Goldsby would give notice of an intent to contest this and does so should the letters of August 15 and/or August 21st be held to be proper notice.” This court has held that “[t]he choice of forum, not mere formal expressions in a letter, constitutes the waiver.” Mobile County at 730.
The record reveals that the Board held the hearing regarding Goldsby’s transfer pursuant to Goldsby’s request. Goldsby’s attorney attended, submitted evidence, made remarks, and then departed despite warning that his departure would jeopardize his client’s position.
“In such instance it is clear that the teacher has not been harmed by the defect since he or she has received the information that the notice is intended to convey, i.e., that the board contemplates a transfer of the teacher, and has a full opportunity to contest the transfer under the procedure provided by [§ 16-24-6].”
Alabama State Tenure Commission v. Franklin County Board of Education, 336 So.2d 187, 189 (Ala.Civ.App.1976). Under the circumstances of the instant ease, we find that Goldsby waived any claim of defective notice of transfer.
Goldsby claims that his attorney’s appearance before the Board did not waive his claim of defective notice. Assuming, arguen-do, that this proposition is correct, that claim still fails. When a school board sends an illegal or defective notice of transfer, a direct appeal lies to the Commission, pursuant to Ala.Code 1975, § 16-24-7. Johnson v. Alabama State Tenure Commission, 566 So.2d 500 (Ala.Civ.App.1990); Mobile County, supra. Ala.Code 1975, § 16-24-7, reads in pertinent part:
“A teacher on continuing service status shall have the right to appeal within 15 days after the decision of the employing board to the state tenure commission, as hereinafter established, to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust. If said appeal is not taken within 15 days after the decision of the board, the board’s decision shall be final.”
Goldsby received the first notice on August 16, 1991, and the second notice on August 22, 1991. Goldsby’s appeal was filed on September 9, 1991, which is beyond the time limit for a direct appeal to the Commission. Consequently, he did not meet the time limit set forth in Ala.Code 1975, § 16-24-7, and his appeal was barred. Johnson, supra. An appeal to the Commission is purely statutory and must be taken pursuant to the statute. Greene v. County Board of Education of Calhoun County, 280 Ala. 667, 197 So.2d 771 (1967). It must be taken in the manner prescribed and within the time limit set forth in the statute. Greene, supra. Goldsby’s brief to the Commission clearly stated that he was not appealing from the decision of the September 5 Board hearing, but that he was appealing the allegedly defective notice of August 15 and 21, 1991. When a party appeals outside the 15-day *437 time limit set by Ala.Code 1975, § 16-24-7, the Commission has no alternative but to dismiss the appeal. Johnson, supra.
Having determined that Goldsby waived any objections to defects in notice and that he is barred from challenging the defects by an appeal to the Commission, it is unnecessary to address the remaining arguments; therefore, we pretermit further discussion. The trial court erred as a matter of law in granting Goldsby’s petition for a writ of mandamus. The judgment of the trial court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.