MOORE, Judge.
Francine Boone, Demarcus Gates, Dor-etta Harris, Alvin Moore, Kenneth Johnson, James Drake, and Howard Ross, Jr. (hereinafter sometimes collectively referred to as “the teachers”), filed a complaint . in the Jefferson Circuit Court against the Birmingham Board of Education (“the Board”), alleging that the Board had improperly canceled their respective supplemental employment contracts. The trial court entered a summary judgment in favor of the Board from which the teachers appeal. Because we find that the Board violated Ala.Code 1975, § 16-24-12, we reverse and remand.

Facts

The Board employed each of the teachers as full-time classroom instructors. In addition, over the years, the Board has employed the teachers in various other positions, such as coaches, football workers, and support activity sponsors. Those positions are not reserved for teachers, and, in fact, a teaching certification is not required to fill those positions. When appointing a teacher for such supplemental positions, the Board renders a separate personnel action form, designating the job title and salary for that position. That form indicates the term of the supplemental employment contract, usually lasting only for the designated school year. The salary for the supplemental employment is paid separately from and in addition to the teacher’s regular salary for classroom instruction and is calculated based on criteria separate from the criteria used to determine salary for classroom instruction.
In past years, when the Board decided not to appoint a teacher to a supplementary position for the next school year, the Board or the principal of the school where the teacher performed classroom instruction would notify the teacher before the end of the present school term. However, the Board did not notify the teachers that some of their supplemental employment contracts would not be renewed for the upcoming school year until after the end of the school years[1] in 2004,[2] 2005,[3] and 2006,[4] respectively. As a result, the teach *759 ers did not receive salary for those positions that had not been renewed.
On May 12, 2006, Boone, Gates, Harris, and Moore filed a complaint against the Board in the Jefferson Circuit Court. In their complaint, they alleged that the Board had improperly canceled their supplemental employment contracts and that they had sustained financial harm as a result. After the trial court denied a motion to dismiss filed by the Board, and after the Board had filed an answer, the trial court granted motions to add Johnson, Drake, and Ross as plaintiffs. On March 26, 2007, the Board filed a motion for a summary judgment. The teachers filed a cross-motion for a summary judgment on June 26, 2007. After a hearing on June 27, 2007, the trial court entered an order on July 18, 2007, granting the Board’s summary-judgment motion. The teachers timely appealed.

Standard of Review

This court’s review of a summary judgment is de novo. Nationwide Property & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2000).
“We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Jefferson County Comm’n v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala.2000) (quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988)). Once a party moving for summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson County Comm’n v. ECO Preservation Servs., L.L.C., supra (citing Renfro v. Georgia Power Co., 604 So.2d 408 (Ala.1992)).”

Id.

Discussion

Alabama Code 1975, § 16-24-12, a part of the Teacher Tenure Act, Ala.Code 1975, § 16-24-1 et seq., provides, in pertinent part:
“Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed
[[Image here]]
“Teacher” is defined by Ala.Code 1975, § 16-24-1, which provides, in pertinent part:
“The term ‘teacher,’ ... is deemed to mean and include all persons regularly certified by the teacher certificating authority of the State of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the State of Alabama
[[Image here]]
On appeal, the teachers argue that trial court erred in entering a summary judgment for the Board because, they say, the undisputed facts show that they are teachers within the meaning of § 16-24-1 and that the Board violated § 16-24-12 by fail *760 ing to notify them before the end of the relevant school terms that they would not be reemployed at the same salary, including their supplemental salary, for the following school year. The Board, on the other hand, argues that the trial court properly entered the summary judgment because, it says, § 16-24-12 applies only to teaching salary and not to supplemental salary.
In two prior cases, this court has indicated that § 16-24-12 applies when a teacher loses supplemental salary. In Campbell v. Talladega City Board of Education, 628 So.2d 842 (Ala.Civ.App.1993), two teachers, Campbell and Morgan, suffered a reduction in salary after their supplemental coaching contracts were not renewed; they brought suit against the Talladega Board of Education, requesting the court to direct the Talladega Board of Education to honor their coaching contracts or to grant them a hearing. 628 So.2d at 843. The trial court concluded that the teachers’ “supplemental coaching positions were not protected by the Alabama Teacher Tenure Act” and that “notice was properly given and that the ensuing reduction in salaries was appropriate.” 628 So.2d at 843. In affirming the trial court’s judgment, this court stated:
“A teacher’s extra-curricular position as a coach is not entitled to the protection of the Alabama Teacher Tenure Act. Bryan v. Alabama State Tenure Commission, 472 So.2d 1052 (Ala.1985). Campbell and, Morgan were properly notified before the last day of the 1991-92 school year that their coaching positions would be non-renewed for the following year. Code 1975, § 16-24-12. They were not entitled to a hearing. Bryan. We find no error.”
Id. (emphasis added).
In Davis v. Russell, 852 So.2d 774 (Ala.Civ.App.2002), Davis was hired as a “teacher/coach” at Emma Samson High School; he signed separate contracts that supplemented his teacher’s pay for his duties as the head baseball coach and as an assistant football coach. 852 So.2d at 775. After the last day of the 1999-2000 school year, the principal at Emma Samson High School sent Davis a notice that his duties as head baseball coach were being terminated. Id. The school board determined that, because Davis refused to perform other coaching duties, he had effectively resigned from his coaching position and would not be paid the coaching supplement for the following school year. Id. The trial court found that Davis had been informed of the change in his coaching duties and that the alternative coaching duties assigned to Davis were not demeaning. On appeal, this court determined that, because the notice relieving Davis of his coaching duties had been mailed after the end of the school term, Davis could not be terminated as an employee, but that, under existing school policy, Davis could be reassigned and his coaching duties changed. 852 So.2d at 777. In making that determination, this court referenced a state attorney general’s opinion, Op. Att’y Gen. No. 2000-176 (June 20, 2000), as follows:
“ ‘While an opinion of the attorney general is not binding, it can constitute persuasive authority.’ Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344, 1346 (Ala.1997). The attorney general opinion answers the question whether a school may change, modify, or terminate a coach’s responsibilities after the last day of the school year. The opinion recognizes that § 16-24-12 requires a board to notify its teachers, whether or not tenured, on or before the last day of the school year if it does not intend to reemploy them for the following school year at the same salary. (Op. Att’y Gen. *761 No. 2000-176, p. 2.) The opinion interprets our decision in Campbell v. Talladega City Board of Education, 628 So.2d 842 (Ala.Civ.App.1993), to require notice by the last day of the school year if the nonrenewal or modification of coaching duties will result in a salary reduction. (Op. Att’y Gen. No. 2000-176, p. 3.) The opinion then concludes that if a teacher’s salary is not affected by the discontinuation or change of coaching duties, no notice under § 16-24-12 is required. Id. We find this analysis to be persuasive.”
852 So.2d at 777 (emphasis added).
The Board argues that the court should not follow Campbell and Davis but should construe § 16-24-12 to apply only when a teacher loses a portion of his or her salary as a classroom instructor. The Board notes that we have previously determined that the term “teacher” as used in the Teacher Tenure Act does not include supplementary positions such as coaches. See Bryan v. Alabama State Tenure Comm’n, 472 So.2d 1052 (Ala.1985). Extrapolating from the holding in Bryan, the Board argues that when a teacher acts in a supplementary capacity, that teacher loses all the protections found in the Teacher Tenure Act in relation to the supplemental employment, including the right to notice of the nonrenewal of the supplemental employment contract before the end of the school term. The Board further argues that because supplemental employment is typically governed by yearly contracts and because the salary for the supplemental positions is paid separately, the notice requirements of § 16-24-12 should not apply to the supplemental appointments.
The resolution of this dispute depends on the proper meaning of § 16-24-12. As we recently stated:
“ ‘The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute.’ IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). ‘ “However, when possible, the intent of the legislature should be gathered from the language of the statute itself.” ’ Perry v. City of Birmingham, 906 So.2d 174, 176 (Ala.2005)(quoting Beavers v. Walker County, 645 So.2d 1365, 1376 (Ala.1994)); Ex parte Lamar Advertising Co., 849 So.2d 928, 930 (Ala.2002). Therefore, in ‘determining the meaning of a statute, we must begin by analyzing the language of the statute.’ Holcomb v. Carraway, 945 So.2d 1009, 1018 (Ala.2006).
“ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’
“IMED Corp., 602 So.2d at 346; see also Wynn v. Kovar, 963 So.2d 84 (Ala.Civ.App.2007). Stated differently, when ‘the language of a statute is plain and unambiguous, ... courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.’ Ex parte T.B., 698 So.2d 127, 130 (Ala.1997); see also Perry, 906 So.2d at 176; Ex parte Lamar Advertising Co., 849 So.2d at 930; Beavers, 645 So.2d at 1376-77; Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala.1993); and IMED Corp., 602 So.2d at 344.”
*762 Alabama Dep’t of Envtl. Mgmt. v. Legal Envtl. Assistance Found., Inc., 973 So.2d 369, 376 (Ala.Civ.App.2007).
Section 16-24-12 plainly states that “teachers,” as that term is defined by § 16-24-1, shall be deemed offered reemployment for the succeeding school year at the “same salary” unless notified otherwise by the employing board of education before the end of the school term for which they are employed. It is undisputed that the appellants are all teachers within the meaning of § 16-24-1. “Salary,” of course, refers to “compensation paid regularly for services” rendered. Memam-Webster’s Collegiate Dictionary 1097 (11th ed.2003). Thus, by the plain language of § 16-24-12 a teacher employed by a school board for a particular school year is deemed offered work for the next school year for the same amount of compensation unless the board notifies the teacher otherwise before the end of the school term covered by the initial contractual period. This reading is consistent with the court’s statements in Campbell and Davis.
We reject the Board’s contention that § 16-24-12 only requires notice when the teacher’s base compensation as a classroom instructor is reduced. The plain language of § 16-24-12 does not limit its application solely to compensation designated as salary for classroom instruction. The Board would have us read into the statute an added condition so that it would apply to “salary received for classroom instruction only.” However,
“[o]ur supreme court has explained that the role of the appellate courts ‘is not to displace the legislature by amending statutes to make them express what we think the legislature should have done. Nor is it [the appellate court’s] role to assume the legislative prerogative to correct defective legislation or amend statutes.’ Siegelman v. Chase Manhattan Bank (USA), Nat’l Ass’n, 575 So.2d 1041, 1051 (Ala.1991). ‘When determining legislative intent from the language used in a statute, a court may explain the language but it may not detract from or add to the statute.... Courts may not improve a statute, but may only expound it.’ Siegelman, 575 So.2d at 1045.”
Saad’s Healthcare Services, Inc. v. Meinhardt, 19 So.3d 847, 854 (Ala.Civ.App.2007).
We clarify that our holding in this case does not grant the protections of § 16-24-12 to coaches and other employees who hold supplemental positions but are not also teachers within the meaning of § 16-24-1; nor does it grant to teachers the right to tenure as to supplemental employment. We hold only that when a board of education employs a teacher in a supplemental position for a designated school year, the board must notify the teacher before the end of that school term that the supplemental employment contract will not be renewed for the succeeding school year if the teacher will lose supplemental salary.
In this case, it is undisputed that the appellants fall within the definition of “teacher” as defined by § 16-24-1, that their salaries were reduced by the Board’s decision not to renew their supplemental employment contracts, and that they did not receive the notice required by § 16-24-12. We conclude, therefore, that the trial court erred in granting the Board’s summary-judgment motion. Based upon the foregoing, we must reverse the trial court’s summary judgment in favor of the Board and remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
*763 THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN, J., concurs specially.
THOMAS, J., dissents, with writing.

. See Estill v. Alabama State Tenure Comm’n, 650 So.2d 890, 891-92 (Ala.Civ.App.1994) (explaining the distinction between school year, which denotes a period of 12 calendar months, and school term ).

. In the fall of 2004, after she had already signed a contract to coach track for the 2004-2005 school year, Boone was informed by the Board that she would not coach track for the 2004-2005 school year.

. Gates, Harris, and Moore each were notified that their 2004-2005 supplemental employment contracts would not be renewed for the 2005-2006 school year after the close of the 2004-2005 school year.

. Drake, Johnson, and Ross each did not receive notice that their 2005-2006 supplemental employment contracts would not be renewed until after the end of the 2005-2006 school year.