INZER, Justice.
This is an appeal by Mississippi Road Supply Company, a corporation, from a judgment of the Circuit Court of the First Judicial District of Chickasaw County, *822 wherein appellee, Miss Virginia Baker, obtained a judgment for $15,000 as damages for personal injuries resulting from an automobile accident which she alleged was caused by the negligence of appellant’s servant in turning its vehicle into appellee’s lane of traffic. Upon a motion for a new trial the circuit court found that a verdict of the jury fixing the damages at $15,000 was so excessive as to evidence bias, passion and prejudice, and ordered a new trial on the question of damages only, unless appellee would enter a remittitur of $4,000. Prior to the time that the appellee was required to signify whether she would enter the remit-titur, this appeal was perfected. Appellee cross-appeals from the action of the trial court relative to granting a new trial.
Appellant assigns as error on the part of the trial court many reasons for the reversal of this case. We will discuss only those assignments of error which we deem to merit discussion.
The principal contention of the appellant is that the trial court was in error in refusing to grant its request for a peremptory instruction and its motion for a directed verdict. We are of the opinion that the peremptory instruction was properly denied, as “[i]t is uniformly held that in determining whether a peremptory instruction should be given the court must look solely to the testimony on behalf of the parties against whom the peremptory instruction is requested, and must take that testimony as true along with all reasonable inferences which could be drawn therefrom.” Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924 (1965).
The evidence on behalf of appellee establishes that at the time of the accident, which occurred about 5 p. m. on March 18, 1965, Miss Baker was returning to her home in Houston from Tupelo on Highway 8. This highway runs generally east and west, and intersects a county road which was formerly Highway 8 from the north. The point where the road intersects is just inside the city limits of Houston, and is located at the low crest of the slope of a hill.
As appellee approached the intersection she was meeting a pickup truck owned by appellant and driven by its servant in the course of his employment. Appellant’s vehicle was followed by a butane gas truck. Appellee testified that she was not in any hurry and was driving leisurely. The speedometer on her car was broken, but she estimated her speed to be between 30 and 40 miles per hour.
She testified that when she was near the intersection appellant’s driver abruptly turned the pickup truck into her lane of traffic. She did not see him give any signal of his intention to turn. She immediately applied her brakes, and her car skidded toward the pickup truck which was then in her lane of traffic. The butane gas truck speeded up, and appellee, in order to avoid striking the pickup truck, turned her car to the left into the other lane of traffic. She was able to avoid striking either of the other vehicles, but was unable to straighten her car, and it went off the south side of the highway. It crossed a small drain ditch and struck an embankment, where it came to a sudden stop. Appellee was thrown forward against the steering wheel, snapping her head forward and then backward. Her leg was cut when it struck a knob on the air conditioner.
The drivers of both trucks stopped and hurried to her aid. She did not think she was badly hurt, and with the assistance of the truck drivers and other people she was able to get her car back on the highway, and drove it to her home.
Appellant’s defense was that its driver was not guilty of any negligence that caused or contributed to the accident, and that the sole proximate cause of the accident was the negligence of appellee. Appellant did not plead contributory negligence, and relied solely on the contention that it was not liable under the facts of this case.
*823 Appellant’s driver testified that he gave a proper left turn signal with his signal light, and that when he started his turn he did not see appellee’s car approaching the intersection. He said when he had gotten his front wheels off the highway, appellee’s car came over a rise in the road at a high rate of speed, which he estimated to be at least 60 miles per hour, and that she applied her brakes with such force that she lost control of her car. He gave as the reason that he did not see her car approaching that he could not see over the crest of the hill. However, the photographs introduced in evidence clearly show that one making a proper left turn into Old Highway 8 has an unobstructed view of the highway over the crest of the hill and for some distance beyond. Furthermore, Roy Davis, city marshal and appellant’s own witness, testified that a driver making a proper left turn at this intersection would have an unobstructed view of the highway to the east. The driver also testified that on the day preceding the trial he went back to the scene of the accident and stepped off the distance from the point where appellee applied her brakes to the point where she struck the embankment and he found the distance to be 250 feet.
The driver of the butane gas truck testified that before the pickup truck reached the intersection he observed the signal light on the pickup truck indicating that the truck was going to make a left turn into Old Highway 8. As the truck was making the turn, he saw appellee’s car come over the hill. He estimated the distance from the point where appellee started skidding to the point of impact to be about 250 feet. He estimated her speed to be between 50 and 60 miles per hour, based upon the skid marks.
When the testimony of appellee is considered in its most favorable light, together with the reasonable inferences that may be drawn therefrom, it is clear to us that the trial court was correct in overruling the motion for a peremptory instruction. It was a question for the jury to determine from the conflict in evidence whether appellant’s driver was guilty of any negligence that caused or contributed to the accident. It accepted appellee’s version of how the accident happened, and the evidence is sufficient to support their verdict as to liability.
Appellant also assigns as error the admitting into evidence a map which was shown to be improperly or erroneously drawn. Miss Baker drew a map indicating the relative position of the three vehicles as she first noted them when they approached the intersection. The map itself was not accurate as to the position of a nearby motel and the changing positions of the vehicles, but the map was fully explained to the jury as to its representation and as to the time of the representation. Appellee admitted that the map was not accurate, but illustrative only.
The introduction of maps and diagrams into evidence is largely in the sound discretion of the trial judge. Crawford v. City of Meridian, 186 So.2d 250 (Miss.1966). King v. State, 251 Miss. 161, 168 So.2d 637 (1964), cited in Crawford, held that the trial court did not make an error in giving defendant an opportunity on cross-examination to point out anything on the drawing which he thought was wrong in the plat. In the case at bar appellant questioned Miss Baker on cross-examination about the plat, and we are unable to see how the jury could have been misled by allowing the plat to be introduced in evidence.
Appellant’s contention that the court was in error in admitting into evidence the x-rays is without merit. If the x-rays were not properly identified, appellant waived objection thereto by failing to object at the appropriate time. The doctor testified without objection as to his findings, and with the x-rays on a view box pointed out to the jury what he found.
Appellant assigns as error the granting of certain instructions on behalf of appellee. *824 There are only two instructions that should be discussed. They are numbers 4 and 8. Number 4 reads as follows:
The court instructs the jury for the plaintiff Virginia Baker that the driver of a vehicle on a public road or street intending to turn to the left must exercise care that he is not turning into the path of some vehicle coming toward him, and he must take a proper position, and must signal in the manner required by law by holding his left hand out horizontally, or by a signal lamp or signal device approved by the Department of Public Safety of the State of Mississippi, and unless he has sufficient time to pass to the left, he must wait for a clear opportunity and proceed safely and other drivers have the right to assume that he will do so.
Appellant contends that a similar instruction was condemned in Cothern v. Brewer, 234 Miss. 676, 107 So.2d 361 (1958). In Cothern defendant was given an instruction which informed the jury that the defendant, in determining whether or not he could negotiate his turn to the left with reasonable safety, had the right to assume that the plaintiff was operating his car at a lawful rate of speed. It should be noted first that although appellant complains of the similar instruction given for appellee in the case at bar, appellant requested and was granted two instructions using the “right to assume” condition without qualification. Appellee argues that the contention here goes to the heart of the lawsuit, in that it is appellee’s claim that the driver of appellant suddenly and without warning abruptly turned across the highway in front of her. Had she seen or should she have seen the driver doing something which indicated he was going to turn left in front of her, then the instruction may have been erroneous, but under the appellee’s theory of the case, the instruction was proper. In Harris v. McCuiston, 217 Miss. 601, 64 So.2d 692 (1953), this Court noted that in case of sharp conflict in the testimony as to the facts of the case an instruction representing the plaintiff’s theory of the law as applied to the facts testified to is not necessarily error. The court in Harris stated that the plaintiff was not required to anticipate the action of the defendant driver in making a left hand turn into a driveway without giving the signal required by law, and if the plaintiff’s testimony was to be accepted as true, when the plaintiff saw defendant’s truck approaching on the wrong side of the road, as it came over the crest of a hill, the plaintiff had a right to assume that the driver would turn back into his own lane of travel in time to avoid a collision; and the plaintiff had a right to rely on that assumption until he saw, or by the exercise of reasonable care could have seen, that the driver would not turn back into his own lane of traffic. See also Rawlings v. Inglebritzen, 211 Miss. 760, 52 So.2d 630 (1951).
Appellant objects also to the following instruction granted appellee:
The court instructs the jury for the plaintiff that if your verdict be for the plaintiff, you may, in fixing the amount thereof, take into consideration all pain and suffering, if any, which you believe from the preponderance of the evidence plaintiff has suffered as a proximate result of said injuries, if any, and also loss of earning capacity, if any, sustained by said plaintiff as a proximate result of her injuries, if any, and in addition thereto, you may take into consideration all pain and suffering which you believe from the preponderance of the evidence plaintiff will suffer in the future, if any, as a proximate result of said injuries, if any, and all loss of earning capacity plaintiff will sustain in the future, if any, which you believe from the preponderance of the evidence to be a proximate result of her injuries, if any; and you may further take into consideration the doctor and medical bills and expenses which the plaintiff sustained, if any.
The court says to you further that the exact amount of such damages cannot be *825 proven by the evidence, but it is largely in your discretion, and in fixing the amount you should be governed by the application of a sense of justice and right to the facts in this case. In computing the damages you should take into consideration all facts and circumstances as testified to by the witnesses in this case, and fix the amount at such sum as you believe from the evidence in this case the plaintiff is entitled to receive.
It is appellant's contention that the second paragraph of the above instruction amounts to a peremptory instruction for appellee, in that the second paragraph does not use the qualifying phrase “if any,” but instructs that the jury “should” do certain things.
A similar instruction was approved by this Court in Bonelli v. Branciere, 127 Miss. 556, 561, 90 So. 245, 247 (1921), the Court stating:
By that instruction the jury were told, among other things, that if they found for the appellee in assessing damages they “should be governed by the application of a sense of justice and right to the facts of this case.” It is claimed that this clause in the instruction is erroneous because the jury were by it turned loose to their own imagination as to the amount of the verdict they should return. The instruction in another clause informed the jury that their verdict should be based on the evidence. Therefore the trial court simply meant to tell the jury that in fixing the damages they should be guided by their sense of justice and right arising out of the evidence.
All instructions granted, taken and read together, properly instructed the jury as to the law. In addition, there was sufficient evidence for the jury to find in favor of plaintiff-appellee.
Appellant also urges that the trial court should have granted a new trial on the question of damages without a remittitur, and that the judgment after the remittitur is excessive. On the other hand, appellee in her cross-appeal urges that the trial court was in error in finding that the verdict of the jury was excessive and that the evidence relative to her injuries is ample to support the verdict of the jury. Appellee points out that contributory negligence was not pled, and that the jury was not required to reduce the damages because of any contributory negligence on the part of appel-lee.
Evidence on behalf of the appellee relative to her injuries was not contradicted, except as to those matters brought out on cross-examination. The evidence reflects that appellee did not realize until she returned home that her leg had been cut. She felt so bad that night that she could not rest and the following morning she was in pain, and she then consulted Dr. John Dyer. Dr. Dyer testified that he saw her on March 19, 1965, and that she gave him a history of having been in an accident on the previous day. She was complaining of pain in her neck and right leg. He gave her a general physical examination, and caused x-rays to be made of the cervical region. He found that she was tender in the lower region of the neck and had swelling, tenderness and an abrasion on her right leg. The x-rays revealed a straightening of the normal curve of the cervical spine, and they also revealed a hypertrophic change in the vertebrae. He caused other x-rays to be made, and the last ones were made on the day before the trial. These x-rays revealed that she still had a straightening of the normal curve of the cervical spine, and also progression of the hypertrophic changes that were noted on the first x-ray. His diagnosis was that she suffered a whiplash injury to the neck caused by the accident. He stated that in his opinion, at the time he examined her last she had reached maximum recovery from the whiplash injury, but that there was still limitation in her neck movement to the left, and pain was produced in extreme position. He said that the progression of the hypertrophic changes and the narrowing of the foramina would *826 likely continue. It was his opinion that this process was speeded up on account of the accident.
In his treatment of appellee, he prescribed medication to relax the muscles and relieve the pain, and stated that she would require medication at least part of the time indefinitely.
Appellee testified that prior to the accident she was in good health, but that since the accident she had been subject to nervous tension and her neck continues to give her pain, and that she has limited motion of the neck. The pain from her neck radiates down her left shoulder, and these pains are frequent. She also has suffered severe headaches and has to take medication for pain, and rest regularly. Although she did not lose any wages from her work as deputy chancery clerk, she was unable to do her work as efficiently as she formerly did. Her employer testified that he estimated that she was 20 to 25 per cent less effective in her job after the accident. There was other testimony that she was unable to do the things she had done prior to the accident, such as mowing her lawn, working in her flowers, and doing hand work with leather, which was not only a hobby but an activity from which she derived some income.
We have adopted the rule that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal and supported unless manifest error or an abuse of discretion appears. Whitten v. Land, 188 So.2d 246 (1966); Rayner v. Lindsey, 243 Miss. 824, 138 So.2d 902 (1962).
After carefully considering the evidence in this case, we cannot say that the trial court was in error in finding that the verdict of the jury was excessive. The trial court was in a favorable position to pass upon this question. He heard the testimony of the witness, including that of the doctor who examined and treated appellee. He also had the opportunity to observe the witnesses and to weigh their testimony. He observed appellee and heard her testify. The trial judge could and probably did consider the errors assigned as to the introduction of the mortality tables, the drug bills, and doctor bills. It was his opinion that a new trial should be granted unless a $4,000 remittitur was accepted, and we cannot say that he was in error in so doing, or that he abused his discretion.
For the reasons stated we are of the opinion that this case should be affirmed on direct appeal and cross-appeal. It is therefore affirmed as to liability, and remanded for a new trial on the question of damages unless appellee shall within ten days after final judgment in this Court enter a remittitur of $4,000. If the remit-titur is entered a judgment will be entered here in favor of appellee for $11,000.
Affirmed on direct and cross-appeals.
ETHRIDGE, C. J., and RODGERS, JONES, and BRADY, JJ., concur.