This is an appeal from summary judgment in favor of the Birmingham Board of *Page 321 
Education (Board) in Ms. Vodantis' suit for wrongful termination of employment. We affirm.
The appellant had worked for the Board as a public information specialist since January 1975. She was not certified and did not work as a teacher. On December 13, 1976, during public budget hearings, the Board voted to eliminate appellant's department without any recommendation from the superintendent of education. Subsequently, on December 27, 1976, upon written recommendation of the superintendent, the Board voted to terminate Ms. Vodantis' employment effective January 31, 1977.
The written recommendation of the superintendent, dated December 27, 1976, stated: "That the employment of Ms. Despina Vodantis and John Northrop be terminated effective January 31, 1977." The minutes of the December 27 Board meeting reflect that the following motion was passed by a 4-1 vote: "The employment of Miss Despina Vodantis, Mr. John Northrup and Mrs. Audrey Farrow be terminated effective January 31, 1977." There were no reasons given nor any reference to prior meetings or actions, either in the recommendation or the motion.
Appellant then brought suit, claiming damages for breach of contract by wrongfully terminating her employment. The trial court granted summary judgment for the Board. This appeal followed.
On appeal, appellant contends that the elimination of her department at the budget hearing effectively terminated her employment at that time, and that such action was void because it was taken without the recommendation of the superintendent of education, a sine qua non. She further contends that the Board's subsequent action was ineffective as an attempted ratification of a void act.
Initially, we recognize that appellant is not a teacher; therefore, the Code provisions respecting dismissal of teachers are inapplicable. The resolution of this case depends upon whether the provisions of Code 1975, §§ 16-12-16 and 16-11-17
which are the statutes governing this situation, were followed.
Section 16-12-16 provides that "[t]he city superintendent of schools shall nominate in writing for appointment by the city board of education . . . employees of the board and shall . . . recommend them for dismissal. . . ."
Section 16-11-17 provides that "[t]he city board of education . . . may suspend or dismiss any . . . employee so appointed on the written recommendation of the city superintendent of schools for immorality, misconduct in office, incompetency, willful neglect of duty or when, in the opinion of the board, the best interests of the schools may require. . . ."
From these two sections, it is evident that joint action is necessary to dismiss an employee in appellant's position. The superintendent has no power to dismiss; he may only recommend dismissal to the board of education. Marsh v. Birmingham Boardof Education, 349 So.2d 34 (Ala. 1977). Similarly, the board, acting alone, may not dismiss, but may do so only upon the recommendation of the superintendent. Armstrong v. Board ofEducation, 430 F. Supp. 595 (N.D. Ala. 1977).
It is clear from the record that appellant was properly dismissed according to the applicable statutes. The superintendent recommended her for dismissal in writing at the December 27 meeting, and the Board, acting upon that recommendation, approved the dismissal. Our holding on this point is in complete accord with the holding of the federal district court in Northrop v. Kirby, 454 F. Supp. 698 (N.D. Ala. 1978), a suit filed by appellant's fellow employee Mr. Northrop who was dismissed in the same manner and at the same time.
The contention that the Board's action on December 27 was merely an attempted but ineffectual ratification of a prior void dismissal lacks merit. Under Code 1975, § 16-13-143, a school budget may not become final unless it is prepared by the superintendent, and no changes may be made except by the superintendent, with board *Page 322 
approval. Assuming, for the sake of argument, that the action of the Board in voting to eliminate appellant's department at the December 13 budget hearing effectually, although indirectly, terminated her employment, and that this termination was void because it was not recommended by the superintendent, this assumption does not aid appellant. The subsequent December 27 dismissal was a valid and effective act, complete in itself, with no reference to or attempted ratification of any prior act taken by the Board. If appellant was not dismissed on December 13, she clearly was on December 27.
The cases cited by appellant to support her contention are inapposite. The alleged void action which was ineffectively ratified in Board of Education v. Baugh, 240 Ala. 391,199 So. 822 (1941), was found to be valid upon remand and a second appeal. Baugh v. Board of Education, 244 Ala. 522, 14 So.2d 508
(1943). Moreover, it dealt with tenured teachers. BothAlexander v. Alabama State Tenure Commission, 358 So.2d 1032
(Ala.Civ.App. 1978), and Holman v. Alabama State TenureCommission, 363 So.2d 101 (Ala.Civ.App.), cert. denied,363 So.2d 103 (Ala. 1978), are cases involving letters of resignation submitted by tenured teachers. These letters were withdrawn before any action was taken by the respective boards of education. The attempted acceptance of the resignations by the superintendent or assistant superintendent, acting alone, and any subsequent ratification by the boards after withdrawal of the letters were correctly held ineffective. Finally, inArmstrong v. Board of Education, supra, there was no recommendation of dismissal made by the superintendent, and therefore the attempted dismissal by the board acting alone was properly held ineffective.
It is thus that we must conclude that this cause is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.