Calvin Campbell and Donald Morgan are tenured teachers in the Talladega City School System. Morgan is a tenured physical education teacher. During the 1990-91 and 1991-92 school years he also served as assistant head football coach and head girl's basketball coach. Campbell is a tenured math teacher. During the 1990-91 and 1991-92 school years he additionally served as head baseball coach and assistant football coach.
Campbell and Morgan were paid in accordance with contracts that were executed in July 1990. These contracts were automatically renewed from year to year. Campbell signed a ten-month contract, payable in 12 monthly installments, for a salary of $30,212.35. Morgan entered into a contract for 11 months of service at a salary of $37,868.76, payable in 12 monthly installments.
In May 1992 Campbell and Morgan received letters from the superintendent of the school system, informing them that their *Page 843 
"supplemental coaching contracts" had been non-renewed effective June 1, 1992. The teachers requested hearings on the matter. Their requests were denied. As a result of the non-renewal, the teachers suffered a reduction in salary.
The teachers filed a petition for mandamus in the Circuit Court of Talladega County, requesting that it direct the board to honor the 1990 contracts or, in the alternative, direct the board to grant a hearing regarding the non-renewals. Following oral proceedings, the court denied the petition. Campbell and Morgan appeal.
The trial court found that Campbell and Morgan's supplemental coaching positions were not protected by the Alabama Teacher Tenure Act. It concluded that notice was properly given and that the ensuing reduction in salaries was appropriate.
The teachers assert that the court's conclusion is based on an incorrect finding of fact. They insist that their coaching positions were not secured by supplemental contracts. They assert that they are entitled to be paid the full salaries as found in the 1990 contracts. They argue that the trial court erred in relying upon parol evidence to establish the existence of the supplemental contracts because the 1990 contracts were not ambiguous. They further insist that they did not receive adequate notice.
There are no ambiguities within the four corners of the 1990 contracts. Campbell and Morgan were paid a lump sum salary for their respective positions. There were no written supplemental contracts. In November 1991 the superintendent renewed the 1990 contracts by letter, referring only to the classroom teaching duties of each teacher.
At trial, however, Campbell and Morgan testified that they understood that the lump sum salary included both teaching salary and salary for coaching. Campbell explained that his teaching salary, based on the salary schedule adopted by the Talladega City School Board, was $25,247.16. He testified that he received $4,965. 19 for his coaching responsibilities. Morgan testified that he received $28,774.44 for teaching and approximately $9,000 for coaching. This testimony was undisputed and elicited by their own attorney.
Parol or other evidence will not be admitted for the purpose of varying or contradicting a writing when two parties have entered into a contract and have expressed it in writing to which they have both assented to be the complete and accurate integration of that contract. Alfa MutualInsurance Co. v. Northington, 561 So.2d 1041 (Ala. 1990). Our supreme court has noted an exception to that rule:
 "In Alabama . . . it has been generally recognized that parties to a lawsuit may try their case on evidence that would otherwise be inadmissible upon proper objection and that where evidence violative of the parol evidence rule is admitted without objection, it may be considered and allowed such force and effect as its weight entitles it in construing the agreement of the parties."
Alfa.
The teachers' testimony at trial does not support their argument on appeal. Rather, their testimony — elicited by their own attorney — that their salaries for teaching and coaching were severable, supports the order of the trial court. The court did not err in considering the parties' understanding of the 1990 contracts when it construed the agreement of the parties. Alfa.
A teacher's extra-curricular position as a coach is not entitled to the protection of the Alabama Teacher Tenure Act.Bryan v. Alabama State Tenure Commission, 472 So.2d 1052 (Ala. 1985). Campbell and Morgan were properly notified before the last day of the 1991-92 school year that their coaching positions would be non-renewed for the following year. Code 1975, § 16-24-12. They were not entitled to a hearing. Bryan.
We find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions *Page 844 
of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.