The Concerned Citizens of Fairfield, an unincorporated association of citizens, and others sued the City of Fairfield; Larry Langford, the mayor of Fairfield; and the Fairfield City Council (hereinafter collectively referred to as "Fairfield"). The Concerned Citizens asked the trial court to declare that Fairfield's garbage collection fee was a tax and to enjoin Fairfield from collecting the garbage fee and/or from placing the fees collected into the general fund. The Concerned Citizens also filed a motion for a preliminary injunction.
Following oral proceedings, the trial court denied the motion for a preliminary injunction and found that although Fairfield originally deposited the fees into the general fund, Fairfield redirected those funds into a separate bank account. The trial court assessed costs against the Concerned Citizens. Thereafter, Fairfield filed a motion to assess and award costs. The trial court assessed an attorney fee and costs of $5,250 against the Concerned Citizens.
The Concerned Citizens appeal, raising five issues: (1) whether Fairfield meets the requirements to be a solid waste collector under § 22-27-1, Ala. Code 1975; (2) whether Fairfield can establish a collection fee as a solid waste collector; (3) whether § 22-27-1 allows a fee for the collection of garbage when there is no solid waste facility within the city limits; (4) whether the fee charged by Fairfield is a tax, which violates the equal protection rights of the citizens of Fairfield; and (5) whether the fee collected by Fairfield can be deposited into the general fund account. This case is before this court pursuant to § 12-2-7 (6), Ala. Code 1975. *Page 1141 
The standard of review in a declaratory judgment case is as follows:
 "Under the `ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on disputed oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). This presumption [is] coupled with the wide discretion vested in the trial judge in declaratory judgment actions, Home Ins. Co. v. Hillview 78 West Fire District, 395 So.2d 43, 45 (Ala. 1981). . . ."
Alabama Highway Dep't v. Stuckey's/DQ of Grand Bay, Inc.,613 So.2d 333, 335 (Ala. 1993).
The record reveals the following pertinent facts: In 1996 Fairfield adopted, but did not implement, Ordinance No. 916, establishing a garbage collection fee of $12 per month. On August 18, 1997, Fairfield adopted, but did not implement, Ordinance No. 927, which amended Ordinance No. 916, establishing a $12 per month garbage collection fee for residences and a $24 per month garbage collection fee for non-residences. On October 6, 1997, Fairfield adopted Ordinance No. 929, which amended Ordinance No. 916 and Ordinance No. 927. Fairfield began collecting the fee in October 1997. Fairfield also implemented the exemptions listed in § 22-27-3, Ala. Code 1975, and created other exemptions to the garbage collection fee.
Fairfield's sanitation and street department collects garbage and hauls it to a licensed landfill in Walker County. Originally, the department hauled and dumped the garbage at a licensed landfill in .Jefferson County; however, that landfill closed. Fairfield chose the cheapest and closest landfill for the disposal of garbage.
Beginning in October 1997, Fairfield collected the fee and deposited the funds into the general fund account. Fairfield did not open a separate account for the garbage collection fee monies until January 15, 1998, ten days after the Concerned Citizens filed their complaint. At that time, Fairfield transferred only the funds collected in October 1997 into the separate account.
Larry Langford, the mayor of Fairfield, drafted all three of the ordinances creating the garbage collection fee. He set the original $12 per month fee after learning what other cities of the same size charged per month for garbage collection.
In 1969 the legislature passed the Solid Wastes Disposal Act, 1969 Ala. Acts No. 771 (1969 Reg. Session), which is codified at §§ 22-27-1 through -7, Ala. Code 1975. Section 22-27-3 (a)(1) authorizes county commissions or municipal governing bodies to provide as follows:
 "[M]ake available to the general public collection and disposal facilities for solid wastes in a manner acceptable to the department. The county commission or municipal governing body may provide such collection or disposal services by contract with private or other controlling agencies and may include house-to-house service or the placement of regularly serviced and controlled bulk refuse receptacles within reasonable (generally less than eight miles) distance from the farthest affected household and the wastes managed in a manner acceptable to the department."
Section 22-27-5(a) authorizes counties and municipalities to establish "fees, charges and rates" and to collect and disburse funds for the disposal of solid waste within or without the city limits or county boundaries.
Additionally, § 11-47-135, Ala. Code 1975, empowers cities and towns to dispose of garbage, to haul garbage to incinerators "or other places of disposal," and to "fix and collect" reasonable fees.
The Concerned Citizens present no argument for, nor any citations to, authorities to support their first, their fourth, and their fifth issues. Rule 28 (a)(5), Ala. R. App. P., requires that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and partsof the record relied on." (Emphasis added.) McLemore v. *Page 1142 Fleming, 604 So.2d 353 (Ala. 1992). The Concerned Citizens' failure to cite supporting authority for issues leaves this court with no alternative but to affirm the first, the fourth, and the fifth issues. Rule 28 (a)(5), Ala. R. App. P.; Pierce v. Helka,634 So.2d 1031 (Ala.Civ.App. 1994).
The Concerned Citizens argue that Fairfield cannot collect a fee for solid waste collection because, they say, Fairfield has neither a solid waste facility nor a contract with a private agency to collect solid waste.
Section 22-27-3 authorizes Fairfield to collect and to dispose of solid waste in a manner acceptable to the Alabama Department of Environmental Management (ADEM). That section also grants Fairfield the authority to provide collection and disposal services by contract with a private agency. Section 22-27-3 does not require Fairfield to own and/or to operate a disposal facility. Fairfield provides, and has provided for a number of years, garbage collection. Although authorized, Fairfield did not establish a fee for that service until 1996 and did not begin collecting the fee until 1997. The record is devoid of any evidence that Fairfield's use of a licensed landfill is not acceptable to ADEM. Accordingly, we conclude that the Concerned Citizens' argument is without merit.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Ala. Code 1975.
AFFIRMED.
All the judges concur.