On Application for Rehearing
The court's opinion of June 28, 2002, is withdrawn and the following opinion is substituted therefor.
Jeff Davis appeals the trial court's judgment declaring that Bob Russell, the superintendent of the Gadsden City school system, and the Gadsden City Board of Education ("the Board") properly terminated Davis's coaching duties and withheld his coaching supplement.
The Board hired Davis in 1992 as a teacher and a coach at Emma Samson High School. The fact that he was hired as "teacher/coach," and not for a specific coaching position, is reflected in the minutes of a Board meeting held on June 19, 1992. Davis later signed separate annual contracts which supplemented his teacher's pay by $2,984 per year for his activities as a head baseball coach and by $3,873 per year for his duties as an assistant football coach. On or about June 13, 2000, the principal of Emma Samson High School sent Davis a notice that his duties as head baseball coach were being terminated.
The principal sent Davis the notice of the change in his coaching duties after the last day of the 1999-2000 school year. On June 26, 2000, Davis notified the principal and the Board that he was filing a grievance in accordance with the Board's policy, contesting the termination of his head-coaching duties. During July and August 2000, Davis and the principal negotiated to determine exactly which coaching duties Davis would be assigned for the 2000-2001 school year. The parties could not reach an agreement.
Davis requested a hearing before the Board. The hearing was held on August 8, 2000, and Davis was represented at the hearing by the Alabama Education Association. Following the hearing, the Board denied Davis's grievance. On August 9, 2000, the Board sent Davis a letter stating it had decided that although notice that Davis's coaching duties were being altered was given after the last day of the 1999-2000 school year, because his supplemental pay was not to be reduced as a result of the change in coaching duties, his rights had not been violated. The Board further concluded that because Davis refused to perform other coaching duties, he had effectively resigned from his coaching position and would not be paid the coaching supplement during the 2000-2001 school year.
Davis filed a declaratory-judgment action on October 25, 2000, against Russell and the Board, seeking a declaration that because the Board had failed to notify him in writing of the changes in his coaching duties, pursuant to § 16-24-12, Ala. Code 1975, the Board could not withhold his coaching supplement during the 2000-2001 school year. Russell and the Board filed an answer and a counterclaim on November 21, 2000. The trial court held a hearing on September 17, 2001, at which it heard ore tenus evidence. The trial court requested supplemental briefs, and each party filed one. In his supplemental brief, Davis argues that § 16-11-17
and two supreme court decisions, Board of Education of Marshall Countyv. Baugh, 199 So.2d 822, 240 Ala. 391 (1941), and Vodantis v. BirminghamBd. of Educ., 373 So.2d 320 (Ala. 1979), apply to this case. Davis attached as an exhibit to his supplemental brief a copy of the contracts he had signed each year to receive supplemental income for coaching baseball and football. The trial court issued an order in favor of Russell and the Board on October 11, 2001. Davis filed a motion to reconsider on November 9, 2001; the trial court denied the *Page 776 
motion on November 21, 2001, and Davis filed a notice of appeal the same day.
"`Under the "ore tenus rule," a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on disputed oral testimony without a jury . . . . This presumption [is] coupled with the wide discretion vested in the trial judge in declaratory judgment actions.'" Concerned Citizens of Fairfield v. City ofFairfield, 718 So.2d 1140, 1141 (Ala.Civ.App. 1998), quoting AlabamaHighway Dep't v. Stuckey's/DQ of Grand Bay, 613 So.2d 333, 335 (Ala. 1993). However, the ore tenus rule does not apply in cases where the facts are not in dispute; in such cases our review is de novo. See AlfaMut. Ins. Co. v. Small, 829 So.2d 743 (Ala. 2002), citing CincinnatiIns. Co. v. Nelson, 668 So.2d 539 (Ala. 1995).
Most of the relevant facts are undisputed. The trial court was asked to construe § 16-24-12 as it applied to Davis and his position in the Gadsden City school system. The Board asserts that Davis was not hired solely as the head baseball coach of Emma Samson High School; it argues that he was hired primarily as a teacher and, secondarily, as a coach, and that his coaching duties were to be determined annually by the principal of the school. Russell and the Board also argue that unless an individual is hired for a specific position, such as head football coach, nothing in the Board's policies or regulations requires them to notify the individual of a reassignment of duties. Furthermore, they argue that they did nothing in contravention of § 16-24-12 by allowing the principal to reassign Davis's coaching duties. In his complaint and at trial, Davis argued that he did not receive proper notice, pursuant to the statute, that his coaching duties were being altered.
On appeal Davis couches his arguments in breach-of-contract language. First, he argues that the principal could not terminate his employment as head baseball coach, and this attempt to do so violated § 16-11-17, Ala. Code 1975, which vests all hiring and firing decisions in the Board. Davis next contends that the Board could not correct the problem by holding a grievance hearing and denying Davis relief, because Russell never made a recommendation to the Board that Davis be dismissed. Finally Davis asserts that the new duties offered by the principal, and ultimately the Board, were demeaning, and that the assignment of those new duties violated the terms of his contract.
The first two arguments Davis raises on appeal assert that § 16-11-17 and two supreme court decisions, Board of Education of MarshallCounty v. Baugh, 199 So.2d 822, 240 Ala. 391 (1941), and Vodantis v.Birmingham Board of Education, 373 So.2d 320 (Ala. 1979), apply to this case. While it is true that boards of education are vested with the authority to hire and fire their employees under § 16-11-17, Davis was not fired. His services as head baseball coach were no longer needed, and he was reassigned to different coaching duties. The two supreme court cases cited by Davis interpret the statutes regulating the manner in which a board of education must proceed to properly terminate an employee. Davis remained a tenured teacher on the Board's payroll; therefore, the statute and the cases he cites on appeal are inapplicable to the facts presented in this case.
The final argument Davis raises relates to the application of § 16-24-12 to his situation. The well-settled law is that a tenured teacher's position as a coach is not entitled to the protection of Alabama's Teacher Tenure Act (codified at § 16-24-1 et seq.). Bryanv. Alabama State Tenure *Page 777 Comm'n, 472 So.2d 1052, 1055 (Ala.Civ.App. 1985). See also Campbell v.Talladega City Bd. of Educ., 628 So.2d 842 (Ala.Civ.App. 1993). Furthermore, the termination of a tenured teacher's coaching duties does not "constitute a transfer or demotion" within the meaning of the Act.Bryan, 472 So.2d at 1054. A state attorney general's opinion requested by the Tarrant City Board of Education and addressing the notice issue is directly on point. (Op. Att'y Gen. No. 2000-176 (June 20, 2000).)
"While an opinion of the attorney general is not binding, it can constitute persuasive authority." Alabama-Tennessee Natural Gas Co. v.Southern Natural Gas Co., 694 So.2d 1344, 1346 (Ala. 1997). The attorney general opinion answers the question whether a school may change, modify, or terminate a coach's responsibilities after the last day of the school year. The opinion recognizes that § 16-24-12 requires a Board to notify its teachers, whether or not tenured, on or before the last day of the school year if it does not intend to reemploy them for the following school year at the same salary. (Op. Att'y Gen. No. 2000-176, p. 2.) The opinion interprets our decision in Campbell v. Talladega CityBoard of Education, 628 So.2d 842 (Ala.Civ.App. 1993), to require notice by the last day of the school year if the nonrenewal or modification of coaching duties will result in a salary reduction. (Op. Att'y Gen. No. 2000-176, p. 3.) The opinion then concludes that if a teacher's salary is not affected by the discontinuation or change of coaching duties, no notice under § 16-24-12 is required. Id. We find this analysis to be persuasive.
The trial court specifically found that Davis's coaching duties were altered after the last day of the 1999-2000 school year. The trial court then found that Davis was notified by the principal of the change. It also determined that Russell and the Board informed Davis of the validity of the change in coaching duties. The trial court also expressly found that the Board initially had no intention of reducing or eliminating Davis's supplemental pay, but that Davis refused to perform any coaching duties other than those of head baseball coach. Finally, the trial court found that the alternative coaching duties assigned to Davis were not demeaning; in fact, it found that other coaches in the school system perform similar duties as part of their supplemental coaching responsibilities.
Because the notice relieving Davis of his duties as head baseball coach was mailed after the end of the 1999-2000 school year, Davis could not be terminated as an employee; but under existing school policy, Davis could be reassigned and his coaching duties changed. In fact, Davis was assigned other coaching duties, his teaching position was not changed, and his coaching supplement was not reduced or terminated until he refused to accept any other coaching assignment at the school.
Based upon the previous discussion of the law as applied to these facts, we find no error on the part of the trial court in entering a declaratory judgment for Russell and the Board.
OPINION OF JUNE 28, 2002 WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
Yates, P.J., and Crawley, J., concur.
Thompson, J., concurs in the result. *Page 778