THOMAS, Judge,
dissenting.
I respectfully dissent from the reversal of the trial court’s judgment granting the Birmingham Board of Education’s summary-judgment motion. I cannot agree with the majority that the supplemental salaries paid to the plaintiff teachers for their various supplemental positions are subject to the notice provision contained in Ala.Code 1975, § 16-24-12. It cannot be argued that the duties of those teachers employed in supplemental positions like that of an athletic coach or a yearbook sponsor are the duties of a “teacher” as defined by the Teacher Tenure Act; we have conclusively determined that they are not and that a position like that of an athletic coach is not subject to the protections of the Teacher Tenure Act. Bryan v. Alabama State Tenure Comm’n, 472 So.2d 1052, 1055 (Ala.Civ.App.1985). As the Board argues, AIa.Code 1975, § 16-24-12, applies to “teachers,” which, pursuant to the Act are those persons who are “regularly certified” and who perform duties as “instructors, principals or supervisors.” § 16-24-1. Coaches and supplemental positions like that of yearbook sponsor do not require any certification, and the duties performed in those supplemental positions are not teaching duties. Bryan, 472 So.2d at 1055.
Although dicta in both Campbell v. Talladega City Board of Education, 628 So.2d 842, 843 (Ala.Civ.App.1993), and Davis v. Russell, 852 So.2d 774, 777 (Ala.Civ.App.2002), might appear to support the conclusion that § 16-24-12 requires notice to a teacher before the end of the school term if that teacher will not receive the same amount of pay that the teacher received in the preceding year, that conclusion was not necessary to the holding in either case. The coaches in Campbell conceded that they had received notice before the end of the school year, eliminating the need for determining whether notice was required under § 16-24-12. Campbell, 628 So.2d at 842-43. The coach in Davis had not suffered any reduction in his overall remuner *764 ation because he was reassigned other coaching duties at the same supplemental pay rate. Davis, 852 So.2d at 775, 777. Although Davis relied in part on an attorney general’s opinion advising, based on the dicta in Campbell, that notice be given to a coach before the end of a school term before reducing or eliminating that coach’s supplemental pay, see Op. Att’y Gen. No. 2000-176 (June 20, 2000), I do not find that opinion persuasive because it relies on dicta to reach its conclusion.
In this case, the question whether § 16-24-12 requires notice before the end of the school term be given to a teacher when his or her supplemental pay is reduced or eliminated is squarely presented. The term “salary,” as used in § 16-24-12, is undefined within the Teacher Tenure Act. However, I conclude that the term “salary” is a reference to the salary paid to the teacher for his or her duties as a teacher. Supplemental pay is a supplement to the teacher’s regular salary, and it is remuneration for duties outside those performed as a teacher. The parties in this case agree that the supplemental pay each plaintiff teacher received is contained on a separate pay schedule than that governing teacher salaries and that the supplemental pay is remitted to the employee in a check separate from the check containing the teacher’s salary. Because, in my opinion, § 16-24-12 requires notice only when a teacher’s regular salary, i.e., that salary paid to the teacher as remuneration for the performance of his or her duties as a teacher, will be reduced, I conclude that the supplemental pay a teacher might receive for performing duties in addition to his or her regular duties as an instructor is not entitled to any protection under § 16-24-12. I would affirm the judgment of the trial court.