PARKER, Justice.
 

 The petitioner, the Birmingham Board of Education (“the BOE”), asks us to review the decision of the Alabama Court of Civil Appeals holding that appointments to nonteaching supplemental positions made by the BOE are subject to the notification requirements of the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975 (“the TTA”), for nonrenewal when the appointee is a “teacher” as that term is defined in the TTA. The BOE argues that the Court of Civil Appeals has improperly extended the reach of the TTA and that that court’s opinion conflicts with existing precedent. We agree, and we reverse the Court of Civil Appeals’ decision and remand the case.
 

 Background
 

 Francine Boone, Demarcus Gates, Dor-etta Harris, Alvin Moore, James Drake, Kenneth Johnson, and Howard Ross, Jr., the plaintiffs/respondents (“the plaintiffs”), were certified teachers employed by the BOE at all times relevant to this case. In addition to their teaching duties, the plaintiffs were employed by separate appointment to provide additional services in extracurricular activities, serving as coaches, football workers, and support-activity sponsors. The qualifications for these positions do not include a teaching certificate, and the positions are not reserved for teachers. When teachers are employed to fill these positions, the additional duties are not incorporated into their teaching contracts; rather, the teachers enter into supplemental contracts when they are appointed to those supplemental positions. These appointments are documented using a separate notification form by which the BOE unilaterally notifies the teacher that
 
 *766
 
 he or she has been appointed to fill a specified position for a specified time at a specified salary. The salary for the appointed position is expressed as a lump sum and is based on a different salary schedule and paid separately from the teacher’s salary for classroom instruction.
 

 Traditionally, the BOE notified teachers who had served in the supplemental positions before the end of the school term that they would not be appointed to the supplemental positions for the following school year. In the school years 2004, 2005, and 2006, however, the BOE departed from its earlier practice and did not notify the teachers appointed to the supplemental positions until after the school year had ended that they would not be reappointed. On May 12, 2006, four of the plaintiffs sued the BOE in the Jefferson Circuit Court;
 
 [1]
 
 the other three plaintiffs were permitted to later join the action. In their complaint, the plaintiffs alleged, in pertinent part, that the BOE had violated statutory law and caselaw and had breached its supplemental contract with each plaintiff. The complaint alleged:
 

 “[E]ach plaintiff has had a supplemental contract for coaching or other sport related position cancelled by the [BOE] within the past three years since the filing of this complaint. Each cancellation of said Plaintiffs’ supplemental contract was contra to Alabama law and/or [BOE] policy in that [BOE] action regarding the termination of said contracts did not occur in the time allowed by statute and case law and/or proper notice of said cancellation was not received by the Plaintiffs as required by statute and case law to wit:
 
 Davis v. Russell
 
 85[2] So.2d 774 (Ala.Civ.App.2002) (when affecting subsequent year’s salary, cancellation of supplemental contract requires written notice be given to school employee prior to end of present school).”
 

 On March 26, 2007, the BOE filed a motion for a summary judgment. The BOE argued in its motion that the plaintiffs had presented no disputed issue of material fact but' that the plaintiffs’ case was “founded on a misapprehension of the nature of their employment and a concomitant misapplication of controlling legal principles.” The BOE argued that the plaintiffs’ attempt to superimpose a statutory-notiee-of-nonretention requirement on supplemental positions held by teachers that are not teaching positions and that exist only
 
 for
 
 a definite duration with a built-in notice of expiration is misplaced and should be rejected as a matter of law. The BOE further argued that the plaintiffs’ reliance on § 16-24-12, Aa.Code 1975, entitled “Teacher deemed reemployed for succeeding school year unless notified,” is likewise misplaced. That statute, the BOE argued, applies only to teachers, and the supplemental positions, which may be filled by persons other than teachers, i.e., by persons not certified by the State Department of Education, are not teaching positions; therefore, the BOE argued, employees, including teachers, filling those nonteaching supplemental positions are not covered by § 16-24-12.
 

 The trial court entered a summary judgment in favor of the BOE. In its order, the trial court found that the appointments for the supplemental positions “are approved only for seasonal assignments that are not coextensive with the school term.” The trial court also noted as an undisputed fact
 
 *767
 
 that “[supplemental employment is neither included within nor covered by ... teaching contracts, and is approved separately from contracts relating to teaching service.” The plaintiffs appealed.
 

 On appeal, the Court of Civil Appeals found that the BOE had violated § 16-24-12, Ala. Code 1975, It reversed the decision of the trial court and remanded the case for further proceedings.
 
 Boone v. Birmingham Bd. of Educ.,
 
 45 So.3d 757 (Ala.Civ.App.2008). The BOE petitioned this Court for a writ of certiorari asking that we review as a matter of first impression the decision of the Court of Civil Appeals that extends § 16-24-12, Ala. Code 1975, to nonteaehing positions if the person appointed to that position is a teacher.
 

 Standard of Review
 

 Our standard of review is de novo: “Because the issues presented by [this appeal] concern only questions of law involving statutory construction, the standard of review is de novo. See
 
 Taylor v. Cox,
 
 710 So.2d 406 (Ala.1998).”
 
 Whitehurst v. Baker,
 
 959 So.2d 69, 70 (Ala.2006). This Court has also said:
 

 “[I]t is this Court’s responsibility in a case involving statutory construction to give effect to the legislature’s intent in enacting a statute when that intent is manifested in the wording of the statute.
 
 Bean Dredging[ LLC v. Alabama Dep’t of Revenue,],
 
 855 So.2d [513] at 517 [ (Ala.2003) ].... ““ “If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’ ” ’
 
 Pitts v. Gangi,
 
 896 So.2d 433, 436 (Ala.2004) (quoting
 
 DeKalb County LP Gas Co. v. Suburban Gas, Inc.,
 
 729 So.2d 270, 275 (Ala.1998), quoting in turn earlier eases). In determining the intent of the legislature, we must examine the statute as a whole and, if possible, give effect to each section.
 
 Employees’ Retirement Sys. of Alabama v. Head,
 
 369 So.2d 1227, 1228 (Ala.1979).”
 

 Ex parte Exxon Mobil Corp.,
 
 926 So.2d 303, 309 (Ala.2005). Further,
 

 “when determining legislative intent from the language used in a statute, a court may explain the language, but it may not detract from or add to the statute.
 
 Siegelman v. Chase Manhattan Bank (USA), Nat’l Ass’n,
 
 575 So.2d 1041, 1045 (Ala.1991). When the language is clear, there is no room for judicial construction.
 
 Employees’ Retirement System [v. Head],
 
 369 So.2d [1227,] 1228 [ (Ala.2002) ].”
 

 Water Works & Sewer Bd. of Selma v. Randolph,
 
 833 So.2d 604, 607 (Ala.2002).
 

 Analysis
 

 This case turns on the construction of two statutes, §§ 16-24-1 and 16-24-12, Ala.Code 1975, both contained in the TTA. Both statutes have previously been interpreted in cases similar, but not identical, to this case.
 

 The BOE argues that “in order to meet the statutory definition [of teacher], the employee must possess a teaching certificate issued by the State Department of Education and be employed as an instructor, principal, or supervisor in a public school.
 
 See generally
 
 AIa.Code [1975,] § 16-23-1,
 
 et seq.”
 
 BOE’s brief, at 16. This position relies on the definition of “teacher” found in § 16-24-1, Ala.Code 1975.
 

 Section 16-24-1, Ala.Code 1975, defines “teacher” for the purposes of the TTA, as follows:
 

 “The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the
 
 *768
 
 State of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the State of Alabama.... ”
 

 Section 16-24-12, Ala.Code 1975, provides for the continuation of a teacher’s employment unless and until the teacher is notified otherwise. It provides:
 

 “Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action.”
 

 The Court of Civil Appeals ruled as follows:
 

 “In this case, it is undisputed that the [plaintiffs] fall within the definition of ‘teacher’ as defined by § 16-24-1, that their salaries were reduced by the [BOE’s] decision not to renew their supplemental employment contracts, and that they did not receive the notice required by § 16-24-12. We conclude, therefore, that the trial court erred in granting the [BOE’s] summary-judgment motion. Based upon the foregoing, we must reverse the trial court’s summary judgment in favor of the [BOE] and remand the case to the trial court for further proceedings consistent with this opinion.”
 

 Boone,
 
 45 So.3d at 762.
 

 The parties have presented no argument that the plaintiffs are not “teachers” as defined by § 16-24-1, but the BOE argues that the Court of Civil Appeals erred when it decided that merely because teachers were appointed to supplemental positions, the TTA applied to their appointments to those positions. The Court of Civil Appeals wrote:
 

 “We reject the [BOE’s] contention that § 16-24-12 only requires notice when the teacher’s base compensation as a classroom instructor is reduced. The plain language of § 16-24-12 does not limit its application solely to compensation designated as salary for classroom instruction. The [BOE] would have us read into the statute an added condition so that it would apply to
 
 ‘salary received for classroom instruction only.’
 
 ”
 

 Boone,
 
 45 So.3d at 762. The Court of Civil Appeals then clarified its holding that the TTA applied to the appointments to supplemental positions only when the individuals appointed to those positions were teachers, i.e., persons certified by the State Department of Education:
 

 “We clarify that our holding in this case does not grant the protections of § 16-24-12 to coaches and other employees who hold supplemental positions but are not also teachers within the meaning of § 16-24-1; nor does it grant to teachers the right to tenure as to supplemental employment. We hold only that when a board of education employs a teacher in a supplemental position for a designated school year, the board must notify the teacher before the end of that school term that the supplemental employment contract will not be
 
 *769
 
 renewed for the succeeding school year if the teacher will lose supplemental salary.”
 

 45 So.3d at 762.
 

 In its analysis, the Court of Civil Appeals relied on
 
 Campbell v. Talladega City Board of Education,
 
 628 So.2d 842 (Ala.Civ.App.1993), to hold that, even though in
 
 Campbell
 
 that court held that a teacher working in an extracurricular coaching position was
 
 not
 
 covered by the TTA, the fact that the two teachers in
 
 Campbell
 
 had been properly
 
 notified
 
 before the last day of the school year implied an entitlement to such notification — and, therefore, to the protection of the TTA — for teachers working in extracurricular coaching positions. The Court of Civil Appeals stated:
 

 “[T]his court has indicated that § 16-24-12 applies when a teacher loses supplemental salary. In
 
 Campbell v. Talladega City Board of Education,
 
 628 So.2d 842 (Ala.Civ.App.1993), two teachers, Campbell and Morgan, suffered a reduction in salary after their supplemental coaching contracts were not renewed; they brought suit against the Talladega Board of Education, requesting the court to direct the Talladega Board of Education to honor their coaching contracts or to grant them a hearing. 628 So.2d at 843. The trial court concluded that the teachers’ ‘supplemental coaching positions were not protected by the Alabama Teacher Tenure Act’ and that ‘notice was properly given and that the ensuing reduction in salaries was appropriate.’ 628 So.2d at 843. In affirming the trial court’s judgment, this court stated:
 

 “‘A teacher’s extra-curricular position as a coach is not entitled to the protection of the Alabama Teacher Tenure Act.
 
 Bryan v. Alabama State Tenure Commission,
 
 472 So.2d 1052 (Ala.1985).
 
 Campbell and Morgan were properly notified before the last day of the 1991-92 school year that their coaching positions would be non-renewed for the following year. Code 1975, § 16-21.-12.
 
 They were not entitled to a hearing.
 
 Bryan.
 
 We find no error.’
 

 “Id.
 
 (emphasis added [in
 
 Boone
 
 ]).”
 

 Boone,
 
 45 So.3d at 760.
 

 The passage from
 
 Campbell
 
 quoted by the Court of Civil Appeals is problematic in that it juxtaposes the conclusion that the extracurricular coaching positions were
 
 not
 
 subject to the protection of the TTA with a statement — immediately following— that the board “properly notified” the coaches that their positions would be of nonrenewed, citing § 16-24-12, a statute contained in the TTA. The statement in
 
 Campbell
 
 about the propriety of the notification of nonrenewal, citing Ala.Code 1975, § 16-24-12, is a non sequitur, appearing only in dicta. Accordingly, the opinion of the Court of Civil Appeals in this case is in error to the extent it relies on erroneous dicta in
 
 Campbell.
 

 The Court of Civil Appeals also cited
 
 Davis v. Russell,
 
 852 So.2d 774 (Ala.Civ.App.2002), in which the Court of Civil Appeals relied on an opinion of the attorney general (Op. Att’y Gen. No. 2000-176) interpreting
 
 Campbell,
 
 supra, as requiring “ ‘notice by the last day of the school year if the nonrenewal or modification of coaching duties will result in a salary reduction.’ ”
 
 Boone,
 
 45 So.3d at 761 (quoting
 
 Davis,
 
 852 So.2d at 777). We find the holding in
 
 Davis
 
 to be flawed by its reliance on an opinion of the attorney general that was itself based on erroneous dicta in
 
 Campbell.
 

 Because the cases relied on by the Court of Civil Appeals do not support its holding in this case, it is necessary to begin with a construction of the applicable
 
 *770
 
 statute. In its opinion, the Court of Civil Appeals construed § 16-24-12, Ala.Code 1975, and focused on the reduction in salary that resulted from the plaintiffs’ not being reappointed to the supplemental positions:
 

 “Section 16-24-12 plainly states that ‘teachers,’ as that term is defined by § 16-24-1, shall be deemed offered reemployment for the succeeding school year at the ‘same salary unless notified otherwise by the employing board of education before the end of the school term for which they are employed. It is undisputed that the appellants are all teachers within the meaning of § 16-24-1. ‘Salary,’ of course, refers to ‘compensation paid regularly for services’ rendered.
 
 Merriam-Webster’s Collegiate Dictionary
 
 1097 (11th ed.2003). Thus, by the plain language of § 16-24-12 a teacher employed by a school board for a particular school year is deemed offered work for the next school year for the same amount of compensation unless the board notifies the teacher otherwise before the end of the school term covered by the initial contractual period. This reading is consistent with the court’s statements in
 
 Campbell [v. Talladega City Board of Education,
 
 628 So.2d 842 (Ala.Civ.App.1993),] and
 
 Davis [v. Russell,
 
 852 So.2d 774 (Ala.Civ.App.2002) ].
 

 “We reject the [BOE’s] contention that § 16-24-12 only requires notice when the teacher’s base compensation as a classroom instructor is reduced. The plain language of § 16-24-12 does not limit its application solely to compensation designated as salary for classroom instruction. The [BOE] would have us read into the statute an added condition so that it would apply to ‘salary received for classroom instruction only.’ However,
 

 “ ‘[o]ur supreme court has explained that the role of the appellate courts “is not to displace the legislature by amending statutes to make them express what we think the legislature should have done. Nor is it [the appellate court’s] role to assume the legislative prerogative to correct defective legislation or amend statutes.”
 
 Siegelman v. Chase Manhattan Bank (USA), Nat’l Ass’n,
 
 575 So.2d 1041, 1051 (Ala.1991). “When determining legislative intent from the language used in a statute, a court may explain the language but it may not detract from or add to the statute.... Courts may not improve a statute, but may only expound it.”
 
 Siegelman,
 
 575 So.2d at 1045.’
 

 “Saad’s Healthcare Services, Inc. v. Meinhardt,
 
 19 So.3d 847, 855 (Ala.Civ.App.2007).
 

 “We clarify that our holding in this case does not grant the protections of § 16-24-12 to coaches and other employees who hold supplemental positions but are not also teachers within the meaning of § 16-24-1; nor does it grant to teachers the right to tenure as to supplemental employment.. We hold only that when a board of education employs a teacher in a supplemental position for a designated school year, the board must notify the teacher before the end of that school term that the supplemental employment contract will not be renewed for the succeeding school year if the teacher will lose supplemental salary.”
 

 Boone,
 
 45 So.3d at 762.
 

 We disagree. “Salary,” a term used in § 16-24-12, is not defined by the TTA. “Teacher,” as used in § 16-24-12,
 
 is
 
 defined in § 16-24-1 as “persons regularly certified by the teacher certificating authority of the State of Alabama who may
 
 *771
 
 be employed as instructors, principals or supervisors in the public elementary schools and high schools of the State of Alabama....” When we substitute this definition for the word “teacher” in § 16-24-12, the statute would then read:
 

 “Any [person regularly certified by the teacher certificating authority of the State of Alabama who may be
 
 employed as an instructor, principal or supervisor]
 
 in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary. ...”
 

 Because a coach, a football worker, or a support-activity sponsor is not certified by the certificating authority of the State of Alabama to perform the duties of an instructor, a principal, or a supervisor, we cannot afford a teacher performing supplemental duties independent of his or her teaching function the protections of § 16-24-12 without rewriting the definition of “teacher.”
 

 Conclusion
 

 The decision of the Court of Civil Appeals that the notification requirements of § 16-24-12, Ala.Code 1975, apply to a teacher performing duties independent of teaching functions under a supplemental contract impermissibly expands the reach of the TTA. Accordingly, that court’s judgment is reversed and the case remanded to that court for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, MURDOCK, and SHAW, JJ., concur.
 

 BOLIN, J., concurs in the result.
 

 [1]
 

 . The complaint
 
 does not
 
 provide specific information regarding the dates on which the plaintiffs were notified that they would not be reappointed to the supplemental positions, nor does the complaint specify the school years in which the plaintiffs allege they were not properly notified.